1

2                                                      The Honorable John H. Chun

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
10                              AT SEATTLE

11   JESUS CASTILLO, MARK KNOWLES, ALEX        Case No. 2:23-cv-01548-JHC
     RODRIGUEZ, NICHOLAS JAMES
12   THROLSON, R.S., KIMBERLY SCOTT,           **DEFENDANT COSTCO WHOLESALE**
     ROBIN WARBEY, DANIEL SMITH, MATT          **CORPORATION'S MOTION TO**
13   GROVES, VERN DEOCHOA, TYRONE              **DISMISS UNDER RULE 12(B)(6)**
     WASHINGTON, individually, and on behalf of
14   those similarly situated,                 **NOTE ON MOTION CALENDAR:**
                                               **4/19/2024**
15              Plaintiffs,
                                               **ORAL ARGUMENT REQUESTED**
16        v.

17   COSTCO WHOLESALE CORPORATION, a
     Washington corporation,
18
                Defendant.
19

20

21

22

23

24

25

26

---

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE i

# **<u>TABLE OF CONTENTS</u>**

**Page**

I.  INTRODUCTION ........................................................................................1

II.  STATEMENT OF FACTS ...........................................................................3

III.  LEGAL STANDARD....................................................................................5

IV.  ARGUMENT .................................................................................................6

A.  PLAINTIFFS' CLAIMS ARE GOVERNED BY WASHINGTON LAW, AND THEREFORE THEIR STATUTORY CLAIMS UNDER FLORIDA AND CALIFORNIA LAW (COUNTS V, VI, AND VII) FAIL AS A MATTER OF LAW. ........................................................6

B.  PLAINTIFFS' WIRETAP CLAIMS FAIL. ...........................................................8

   1.  Plaintiffs Fail to Plead Wiretapping under the WPA (Count II)..................8

      a)  Plaintiffs Allege Meta, Not Costco, "Intercepted" Their Communications. ..............8

      b)  Conduct Involving Non-Qualifying "Communications" Cannot be the Basis of a WPA Claim............................................................9

      c)  Plaintiffs Do Not Allege They Suffered any Actual Injury and thus Lack Statutory Standing under the WPA. ...............................................10

   2.  Plaintiffs Cannot Plausibly Allege Costco Acquired "Contents" of Communications (Counts I, V, and VII).......................................10

   3.  Plaintiffs' Federal Wiretap Claim (Count I) Separately Fails Because Costco was a Party to the Communication at Issue. ...........................................11

   4.  Plaintiffs' Communications are Not Protected by the FSCA (Count VII). ..............12

C.  PLAINTIFFS' REMAINING STATUTORY CLAIMS FAIL AS A MATTER OF LAW. ..................13

   1.  Plaintiffs' WCPA Claim (Count III) Should Be Dismissed For Failure to Allege an Unfair or Deceptive Practice or a Cognizable Injury, Caused by Costco.................13

      a)  Plaintiffs Cannot Premise Their WCPA Claim on a Per Se Violation and They Do Not Allege any Other Unfair or Deceptive Practice. ...............................................14

      b)  Plaintiffs Do Not Allege an Injury Under the WCPA. ...........................................15

      c)  Plaintiffs Do Not Allege that Costco Caused Their Injury. .....................................15

   2.  Plaintiffs Fail to State a Claim under WUHICA (Count IV)....................................16

   3.  Plaintiffs' CMIA Claim Fails (Count VI)................................................................17

      a)  Plaintiffs Do Not Allege Facts Showing that They Provided Confidential Medical Information to Costco. ...............................................18

      b)  Plaintiffs Do Not Allege Facts Showing that Meta "Actually Viewed" Their Medical Information. ...............................................19

D.  PLAINTIFFS' COMMON LAW CLAIMS ALL FAIL. ...........................................................19

   1.  Plaintiffs Cannot Base Their Invasion of Privacy Claim (Count VIII) on the Washington Constitution, and They Otherwise Fail to Allege an Intrusion by Costco. ...............................................19

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE ii

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

2.    Plaintiffs' Breach of Implied Contract Claim (Count IX) Fails Without Mutual Assent and Consideration. ........................................................................20

3.    Plaintiffs' Conversion Claim (Count X) Fails Because Browsing Activity is Not Personal Property and Costco Has Not Deprived Plaintiffs of Their Activity in any Event. ...................................................................................................22

4.    Plaintiffs' Unjust Enrichment Claim (Count XI) Fails Because Costco Received No Benefit to Plaintiffs' Detriment..................................................................23

V.    CONCLUSION...............................................................................................24

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE iii

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Al-Ahmed v. Twitter, Inc.*,
    603 F.Supp.3d 857 (N.D. Cal. 2022) ........................................................................6

5

6

*Alpert v. Nationstar Mortg. LLC*,
    No. 15-cv-01164-RAJ, 2019 WL 1200541 (W.D. Wash. Mar. 14, 2019) ............................15

7

8

*Ambach v. French*,
    167 Wn.2d 167 (2009) .......................................................................................15

9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..........................................................................................5

10

11

*Barbour v. John Muir Health*,
    No. C22-01693, 2023 WL 2618967 (Cal. Super. Ct., Jan. 5, 2023).............................19

12

*Barton v. Serve All, Help All, Inc.*,
    No. 3:21-cv-05338-RJB, 2023 WL 1965905 (W.D. Wash. Feb. 13, 2023) ..........................8

13

14

*Beckington v. Am. Airlines*, *Inc.*,
    926 F.3d 595 (9th Cir. 2019) ..............................................................................5

15

16

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................5

17

*BK v. Eisenhower Medical Center*,
    No. 23-cv-02092-JGB, 2024 WL 878100 (C.D. Cal. Feb. 29, 2024)...............................12, 18

18

19

*Brevard Extraditions, Inc. v. Fleetmatics*, *USA, LLC*,
    No. 8:12-cv-02079, 2013 WL 5437117 (M.D. Fla. Sept. 27, 2013)...............................10

20

21

*Brinkley v. Monterey Fin. Servs., LLC*,
    340 F.Supp.3d 1036 (S.D. Cal. 2018).....................................................................10

22

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ...................................................................10

23

24

*Burton v. City of Spokane*,
    16 Wn.App.2d 769, 773 (2021) ...........................................................................22

25

*Calence, LLC v. Dimension Data Holdings*,
    No. 06-cv-00262-RSM, 2007 WL 1526349 (W.D. Wash. May 23, 2007) .....................22, 23

26

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE iv

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

*Cousineau v. Microsoft Corp.*,
   992 F.Supp.2d 1116 (W.D. Wash. 2012)................................................................9, 23

*Cousins v. Sharp Healthcare*,
   No. 22-cv-2040-MMA-DDL, 2023 WL 4484441 (S.D. Cal. July 12, 2023) ..........................19

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) ..........................................................................................6

*Davis v. Avvo, Inc.*,
   No. 11-cv-01571-RSM, 2012 WL 1067640 (W.D. Wash. Mar. 28, 2012) ..........................7

*Depot, Inc. v. Caring for Montanans, Inc.*,
   915 F.3d 643 (9th Cir. 2019) ..........................................................................................5

*Doe v. Gonzaga Univ.*,
   143 Wn.2d 687 (2001), *overruled on other grounds* 536 U.S. 273 (2002) ..........................20

*Doe v. MKS Instruments, Inc.*,
   No. 23-cv-00868-CJC-KES, 2023 WL 9421115 (C.D. Cal. Nov. 3, 2023) ..........................18

*Eisenhower Med. Ctr. v. Super. Ct.*,
   226 Cal.App.4th 430 (2014) ..........................................................................................18

*Fisher v. Dep't of Health*,
   125 Wn. App. 869 (2005) ......................................................................................19, 20

*Garner v. Amazon.com Inc.*,
   603 F.Supp.3d 985 (W.D. Wash. 2022)............................................................................7

*Goldstein v. Costco Wholesale Corp.*,
   559 F.Supp.3d 1318 (S.D. Fla. 2021) ............................................................................13

*Graf v. Zynga Game Network, Inc.*,
   750 F.3d 1098 (9th Cir. 2014) ......................................................................................10

*Gragg v. Orange Cab Co.*,
   942 F.Supp.2d 1111 (W.D. Wash. 2013)..........................................................................15

*Gray v. Amazon.com, Inc.*,
   653 F. Supp. 3d 847 (W.D. Wash. 2023)....................................................................14, 15

*Griffey v. Magellan Health Inc.*,
   562 F.Supp.3d 34 (D. Ariz. 2021) ..................................................................................21

*Hoang v. Amazon.com, Inc.*,
   No. 11-cv-01709-MJP, 2012 WL 1088165 (W.D. Wash. Mar. 30, 2012) ..........................8

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE v

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

*In re Carrier IQ, Inc.*,
    78 F.Supp.3d 1051 (N.D. Cal. 2015) ............................................................9

*In re Facebook, Inc. Internet Tracking Litig.*,
    956 F.3d 589 (9th Cir. 2020) ....................................................................11

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
    806 F.3d 125 (3d Cir. 2015)......................................................................11

*In re Maple*,
    434 B.R. 363 (Bankr. E.D. Va. 2010)........................................................21

*In re Marriage of Langham*,
    153 Wn.2d 553 (2005) ..............................................................................22

*In re Meta Pixel Healthcare Litig.*,
    647 F. Supp.3d 778 (N.D. Cal. 2022) ....................................................9, 12

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,
    162 Wn.2d 59 (2007) ................................................................................16

*J.R. v. Walgreens Boots All., Inc.*,
    470 F.Supp.3d 534 (D.S.C. 2020) ............................................................21

*Jacome v. Spirit Airlines Inc.*,
    No. 2021-000947-CA-01, 2021 WL 3087860 (Fla. Cir. Ct. June 17, 2021) ...........................13

*Johnson v. Nasi*,
    50 Wn.2d 87 (1957) ..................................................................................21

*Jones v. Ford Motor Co.*,
    No. 3:21-cv-05666-DGE, 2022 WL 1423646 (W.D. Wash. May 5, 2022), *aff'd*
    85 F.4th 570 (9th Cir. 2023) ..................................................................9, 10

*Karpenski v. Am. Gen. Life Co.*,
    999 F.Supp.2d 1235 (W.D. Wash. 2014)....................................................7

*Kearney v. Kearny*,
    95 Wn. App. 405 ( 1999) ............................................................................8

*Kurowski v. Rush Sys. for Health*,
    659 F.Supp.3d 931 (N.D. Ill. 2023) ........................................................12

*Kurowski v. Rush Sys. For Health*,
    No. 22-cv-05380, 2023 WL 4707184 (N.D. Ill. July 24, 2023) ..............20

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE vi

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ................................................................................5

*Lewis v. Bell*,
   45 Wn. App. 192 (1986) ...............................................................................21, 22

*Mikulsky v. Bloomingdale's, LLC*,
   No. 3:23-cv-00425-L-VET, 2024 WL 337180 (S.D. Cal. Jan. 25, 2024) ..............20

*Monarch Fire Prot. Dist. of St. Louis Cnty., Mo. v. Freedom Consulting & Auditing*
   *Servs., Inc.*,
   678 F.Supp.2d 927 (E.D. Mo. 2009)...................................................................22

*Nw. Line Constructors Chapter of the Nat'l Elec. Contractors Ass'n v. Snohomish*
   *Cnty. PUD. No. 1*,
   104 Wn. App 842 (2001) ....................................................................................16

*Panag v. Farmers Ins. Co. of Wash.*,
   166 Wn.2d 27 (2009) ..........................................................................................15

*Reed v. Gen. Mills, Inc.*,
   No. 19-0005-JCC, 2019 WL 2475706 (W.D. Wash. June 13, 2019) ......................6

*Saeedy v. Microsoft Corp.*,
   No. 23-cv-1104, 2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) ........................24

*Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*,
   139 Wn.2d 824 (2000) ........................................................................................24

*Silvey v. Numerica Credit Union*,
   23 Wn. App. 2d 535, 544 (2022) ........................................................................21

*Smale v. Cellco Partnership*,
   547 F.Supp.2d 1181 (W.D. Wash. 2008).............................................................14

*Smith v. Facebook*,
   262 F.Supp.3d 943 (N.D. Cal. 2018), *aff'd*, 745 F.App'x 8 (9th Cir. 2018) ...................16, 17

*Smith v. Facebook, Inc.*,
   745 F. App'x. 8 (9th Cir. 2018) ....................................................................11, 17

*Sorrel v. Eagle Healthcare, Inc.*,
   110 Wn. App. 290 (2002) ...................................................................................15

*State v. Smith*,
   85 Wn.2d 840 (1975) ...........................................................................................9

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE vii

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

*Street v. Amazon.com Servs. LLC,*
  No. 2:21-cv-0912-BJR, 2022 WL 3683811 (W.D. Wash. Aug. 25, 2022) ............................23

*Sutter Health v. Super. Ct.,*
  227 Cal.App.4th 1546 (2014) .......................................................................................17, 19

*Vigil v. Muir Med. Grp. IPA, Inc.,*
  84 Cal.App.5th 197 (2022) .....................................................................................................19

*Vyas v. Wallach,*
  No. 06-cv-01193-RSM, 2006 WL 8454883 (W.D. Wash. Nov. 30, 2006) ..........................22

*Wallace v. Health Quest Sys., Inc.,*
  No. 20-cv-00545-VB, 2021 WL 1109727 (S.D.N.Y. Mar. 23, 2021) ..............................23, 24

*Wilkerson v. Wegner,*
  58 Wn. App. 404 (1990) ..........................................................................................................22

*Yoon v. Lululemon USA, Inc.,*
  549 F.Supp.3d 1073 (C.D. Cal. 2021) ....................................................................................11

*Youker v. Douglas Cnty.,*
  178 Wn. App. 793 (2014) .........................................................................................................20

*Young v. Toyota Motor Sales, U.S.A.,*
  196 Wn.2d 310 (2020) ...................................................................................................13, 14, 23

*Young v. Young,*
  164 Wn.2d 477 (2008) ..............................................................................................................21

*Yuksel v. Twitter, Inc.,*
  No. 22-cv-05415-TSH, 2022 WL 16748612 (N.D. Cal. Nov. 7, 2022) .....................................6

**Statutes**

18 U.S.C. § 2510(8) .........................................................................................................................10

18 U.S.C. § 2511 ........................................................................................................................2, 11

18 U.S.C. § 2520(a) .........................................................................................................................11

42 U.S.C. § 1320d ...........................................................................................................................17

Cal. Civ. Code § 56 ......................................................................................................................2, 18

Cal. Penal Code § 630 ........................................................................................................................2

Fla. Stat. § 934.03(1)(a) ...........................................................................................................12, 13

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE viii

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1

Fla. Stat. § 934.10(1)...................................................................................................2

2

RCW 9.73.030 ..................................................................................................2, 8, 9

3

RCW 9.73.060 .................................................................................................10

4

RCW 19.86 .....................................................................................................2

5

RCW 70.02 .....................................................................................................2

6

RCW 70.02.010(17)...................................................................................16, 17

7

RCW 70.02.020(1)..........................................................................................16

8

RCW 70.02.170(4)..........................................................................................14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE ix

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

## I.    <u>INTRODUCTION</u>

Plaintiffs' privacy claims against Costco fail because they do not (and cannot) allege the Meta Pixel was present on the Costco webpages they visit after logging into their Costco pharmacy account. Rather, they claim the Pixel "secretly intercepted" and shared with Meta their browsing activity on the public-facing portions of Costco.com, where they compared drug pricing information or searched other publicly-available information, and the non-pharmacy pages for over-the-counter products like supplements. Plaintiffs' generic browsing activity on Costco's public website is not sensitive medical information, and the alleged disclosure of that information to a third party cannot support their privacy claims.

Regardless, it is Plaintiffs, <u>not</u> Costco, who chose to reveal themselves to Meta. The website activity generated by Pixel and sent to Meta is anonymized. However, by creating their Facebook accounts, Plaintiffs lost their anonymity by agreeing to let Meta place a Facebook cookie on their web browsers. Plaintiffs also chose to not log out of their Facebook accounts as they visited other websites, which allowed Meta to link Plaintiffs' browsing on the public portions of Costco's website with the Pixel, to their Facebook IDs. Thus, the only identifying information sent to Meta (by the Facebook cookie, which contains their Facebook IDs) is done by Meta, <u>not</u> Costco, and happened with Plaintiffs' consent.

Costco has no access to Facebook cookies on Plaintiffs' web browsers; however, its Privacy Policy expressly discloses the use of tracking technologies on the website that could collect or cause certain types of personal information to be shared, including visitors' online activities over time and across different websites or services, as well as a simple mechanism for any website visitor to turn off these features. Plaintiffs ignored these disclosures and chose to remain logged in to their Facebook accounts as they browsed the Internet, including, allegedly, Costco's public website. And, Plaintiffs did not utilize the opt out feature easily available on Costco's website. Thus Plaintiffs agreed to Meta placing its cookie on their web browsers and tracking their activity across Internet sites.

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1    Plaintiffs' activity on Costco's website is subject to Washington law, and statutory claims on

2  behalf of the California and Florida state subclasses, under the California Invasion of Privacy Act,

3  Cal. Penal Code § 630 et seq. ("CIPA"); the California Confidentiality of Medical Information Act,

4  Cal. Civ. Code § 56 et seq. ("CMIA"); and the Florida Security of Communications Act, Fla. Stat. §

5  934.10(1) et seq. ("FSCA") all fail for that reason.

6    Plaintiffs have separately failed to allege facts sufficient to state each of their eleven claims

7  for relief, and the Court should dismiss the Complaint with prejudice under Rule 12(b)(6) because:

8    **First,** Plaintiffs' wiretapping claim under the Washington Privacy Act, RCW 9.73.030 et seq.

9  ("WPA") fails because Costco was the intended recipient of Plaintiffs' information, the information

10  at issue are not communications under the statute, and Plaintiffs allege no injury caused by Costco.

11    **Second,** Plaintiffs' claims for violations of the Electronic Communications Privacy Act, 18

12  U.S.C. § 2511(1) ("the Federal Wiretap Act") fail because Costco was a party to the communications

13  at issue. The Federal Wiretap Act claim and Plaintiffs' claims under the California and Florida

14  wiretapping statutes fail for the additional reason Plaintiffs have not alleged "contents" within the

15  scope of those statutes.

16    **Third,** Plaintiffs' claim under the Washington Consumer Protection Act, RCW 19.86 et seq.

17  ("WCPA") fails because they do not allege unfair or deceptive practices, any actual injury, or that

18  Costco caused their alleged injury.

19    **Fourth,** Plaintiffs' claim under the Washington Uniform Health Care Information Act, RCW

20  70.02 et seq. ("WUHCIA") fails because the information at issue is not healthcare information.

21    **Fifth,** Plaintiffs' claim under California's analogous health data statute, the CMIA, fails

22  because Plaintiffs have neither alleged "medical information" within scope of the statute, nor that

23  anyone viewed their information.

24    **Sixth,** Plaintiffs cannot base their invasion of privacy claim on the Washington Constitution.

25    **Seventh,** Plaintiffs' failure to allege any agreement or consideration given to Costco for use

26  of the website is fatal to their implied contract claim.

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 2

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

**Eighth,** Plaintiffs have no conversion claim because browsing activity is not chattel.

**Ninth,** Plaintiffs' unjust enrichment claim fails because they were not deprived of anything of value, they allege no facts showing Costco benefited from Plaintiffs' use of the website, and because they have an adequate remedy at law.

For all these reasons, and as further discussed below, Costco respectfully moves the Court to grant Costco's motion and dismiss Plaintiffs' Complaint with prejudice under Rule 12(b)(6).

## II.  STATEMENT OF FACTS

Plaintiffs filed three federal class actions against Costco that the Court consolidated. (Dkt. # 8; *see also* Text Docket Entry, Feb. 16, 2024 (consolidating Case No. 2:23-cv-01906-JHC with primary action).) On January 26, 2024, Plaintiffs filed the instant consolidated class action complaint. (Dkt. # 29 (public Complaint); Dkt. # 30 (sealed Complaint) ("Compl.").)

Costco maintains a website, Costco.com, that offers a variety of consumer goods for purchase by Costco members and non-members who create a free Costco.com online account. (Compl. ¶¶ 2, 28–29.) Costco also provides pharmacy services in some of its warehouse locations, by mail, and online. On the public-facing portion of the pharmacy pages on Costco.com, customers can browse information such as the cost of medications at Costco versus competitor pharmacies.  After logging in—and exiting the public-facing pages—customers can fill or reorder prescriptions. (*Id.* ¶¶ 2, 29, 30.)

Costco publishes a Privacy Policy governing use of its website and online services. (*Id.* ¶¶ 47, 51, 235, nn.26, 27 (incorporating Privacy Policy by reference)) (Decl. of Kristin Asai in Supp. of Mot. to Dismiss ("Asai Decl."), Ex. 1.) The Privacy Policy describes the type of personal information Costco may collect; informs users that its advertising providers use digital trackers to collect certain information about users' online activities; and describes how users may "opt out" of digital trackers, including targeted advertising. (Asai Decl., Ex. 1 at 3.)

The Meta Pixel was one of those digital trackers. Plaintiffs allege Costco deployed the Pixel on its public-facing website with a "core goal of increasing profits" and enhancing advertising.

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 3

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1   (Compl. ¶¶ 57–58.) According to Plaintiffs, the Pixel collects "each page a user visits, what buttons

2   they click, as well as the specific information" inputted into online searches or similar conduct. (*Id.*

3   ¶ 77.) They the allege Meta—<u>not</u> Costco—"link[s] the data collected by Pixel to ... specific Facebook

4   user[s]" (*id.* ¶ 78) through cookies that Meta—<u>not</u> Costco—places on Facebook account holders' web

5   browsers with the users' express consent. (*Id.* ¶¶ 78–81.) Plaintiffs each admit to having a Facebook

6   account (*id.* ¶¶ 15–25), and all but plaintiff R.S. allege they "generally remaine[d] logged in to [their]

7   account[s]." (*Id.* ¶¶ 15-18, 20–25.) Thus, Plaintiffs' status as Facebook account holders allowed

8   Meta—<u>not</u> Costco—to link their activity on Costco's public-facing website to their individual

9   identity using Facebook—<u>not</u> Costco—account information that Plaintiffs authorized Meta to use.

10  (*Id.* ¶¶ 77–81.)

11      Plaintiffs claim to have used the Costco website for a variety of purposes, including to

12  purchase over-the-counter supplements and non-prescription products (*see e.g.*, *id.* ¶¶ 21, 22, 25),

13  order and refill prescriptions for themselves (*see e.g.*, *id.* ¶¶ 15–16, 18) and third parties (*see e.g.*, *id.*

14  ¶ 23), and to review competitive drug pricing information. (*See e.g.*, *id.* ¶¶ 16, 19.) In engaging in

15  these activities, Plaintiffs allege they "communicated personal, private, and highly sensitive

16  information" to Costco (*id.* ¶¶ 15–24) and insinuate all such information was shared with Meta. (*see*

17  *e.g. id.*, ¶¶ 11–13, 26.)

18      Plaintiffs do not allege the Pixel was present on the pages they allegedly visited <u>after</u> logging

19  into their Costco pharmacy account and leaving the public-facing website pages to manage their

20  prescriptions or other health information. Nor could they because the Pixel was not present post-login

21  on Patient Profiles or similar pharmacy pages.  They also do not articulate what supposedly "sensitive

22  information" they shared with Costco post-login. Rather, Plaintiffs' allegations are limited to

23  browsing activity on the public-facing portions of Costco's website. (*See e.g.*, *id.*, ¶ 92 (Figure 2

24  showing user visited costco.com/pharmacy/warehouse-pickup landing page); 94–5 (Figures 3 and 4

25

26

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 4

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

1  showing comparison of publicly-available drug pricing information from Costco and competitors[1]);

2  *id.* ¶ 100 (Figures 10 and 11 showing "Refill Prescription" button, that takes user to login page.)

3  Based on these allegations, Plaintiffs—who are domiciled in California (*id.* ¶¶ 15–24) and

4  Florida (*id.* ¶ 25)—assert eleven claims for relief, and seek to represent a nationwide putative class

5  of individuals "whose Sensitive Information was disclosed to a third party through Defendant's

6  Website without authorization or consent during the Class Period," as well as California and Florida

7  subclasses. (*Id.* ¶ 141.) On behalf of the nationwide class, Plaintiffs assert common law claims for

8  Invasion of Privacy, Breach of Implied Contract, Conversion, and Unjust Enrichment, as well as four

9  statutory claims under federal and Washington state law, for violations of the Federal Wiretap Act,

10  the WPA, the WCPA, and the WUHCIA. Plaintiffs assert additional claims on behalf of the respective

11  state subclasses under CIPA, the CMIA, and the FSCA.

12  ### III.    LEGAL STANDARD

13  Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a complaint fails to state a

14  claim upon which relief can be granted. "To survive a motion to dismiss, the complaint must contain

15  sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible

16  claim for relief.'" *Beckington v. Am. Airlines*, *Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting

17  *Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009)). Factual allegations must be enough to raise a right

18  to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

19  Dismissal is appropriate when the complaint lacks a "cognizable legal theory" or sufficient factual

20  allegations to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*, 915

21  F.3d 643, 652–53 (9th Cir. 2019).

22  As a general rule, "a district court may not consider any material beyond the pleadings in

23  ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

24  (cleaned up). However, a court may consider materials that are attached to or necessarily relied upon

25

26  ---

[1] Plaintiffs' Figure 3 screenshot is cropped to omit competitors, giving the misleading impression feature provides information only for Costco. That is not accurate. *See* full page here: https://www.costco.com/cmpps?drugIdentifierParam=55222865957&drugNameParam=prozac.

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 5

1  in the complaint, as well as matters of public record as part of a Rule 12(b)(6) motion. *Id.* at 688–89.

2  First, under the "incorporation-by-reference" doctrine, courts may "consider evidence on which the

3  complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central

4  to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)

5  motion." *Reed v. Gen. Mills, Inc.*, No. 19-0005-JCC, 2019 WL 2475706, *2 (W.D. Wash. June 13,

6  2019) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). Second, courts

7  may take judicial notice of publicly accessible websites. *Al-Ahmed v. Twitter, Inc.*, 603 F.Supp.3d

8  857, 869 (N.D. Cal. 2022) ("Because the exhibits Plaintiff seeks to have judicially noticed are

9  publicly accessible webpages and Defendant does not oppose authentication of the websites, these

10  exhibits are properly subject to judicial notice") (cleaned up); *see also Yuksel v. Twitter, Inc.*, No. 22-

11  cv-05415-TSH, 2022 WL 16748612, *2 (N.D. Cal. Nov. 7, 2022) (same).

12       Here, the Court may take judicial notice of Costco's Terms and Conditions of Use ("Terms")

13  and Privacy Policy. Plaintiffs directly quote and incorporate Costco's Privacy Policy in their

14  Complaint (*e.g.*, Compl. ¶ 47 (quoting and incorporating privacy policy)) and Costco's Terms are

15  available on Costco's public-facing website. (Asai Decl., Ex. 2.)

16  **IV.**  **ARGUMENT**

17       Plaintiffs' claims are subject to Washington law, and their non-Washington statutory claims

18  fail on that basis. Setting aside the choice-of-law issue, Plaintiffs' claims fall into three categories:

19  (1) statutory wiretap claims; (2) other statutory claims under Washington and California law; and

20  (3) common law claims. Each is addressed in turn.

21       **A.**  **Plaintiffs' Claims Are Governed by Washington Law, and Therefore Their**

22           **Statutory Claims under Florida and California Law (Counts V, VI, and VII)**
         **Fail as a Matter of Law.**

23       Plaintiffs' claims all arise out of their use of Costco's website, and for that reason, are subject

24  to Washington law. As a result, Plaintiffs' statutory claims under Florida and California law should

25  be dismissed with prejudice.

26

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 6

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

1    First, Plaintiffs' claims are governed by the Washington choice-of-law provision in Costco's

2    Terms. Washington courts "generally enforce choice-of-law provisions in contracts." *Karpenski v.*

3    *Am. Gen. Life Co.*, 999 F.Supp.2d 1235, 1242 (W.D. Wash. 2014); *see also Davis v. Avvo, Inc.*, No.

4    11-cv-01571-RSM, 2012 WL 1067640, *4–5 (W.D. Wash. Mar. 28, 2012) (relying on contractual

5    choice of law provision to apply WCPA over Florida's equivalent statute). Everyone who makes a

6    purchase or manages their prescriptions on Costco's website must first make an account and agree to

7    Costco's Terms. The Terms contain a choice-of-law provision providing Washington law governs

8    suits arising out of customers' access and use of Costco's website. (Asai Decl., Ex. 2 § Q.) As all

9    Plaintiffs' claims arise from their use of the website, they are governed by the choice-of-law

10   provision. Accordingly, Plaintiffs' claims based on alleged violations of California and Florida

11   statutes (Counts V, VI, and VII) should be dismissed.

12   Second, application of Washington's choice-of-law rules separately leads to the conclusion

13   Washington statutes govern Plaintiffs' statutory claims. *See Garner v. Amazon.com Inc.*, 603

14   F.Supp.3d 985, 995–96 (W.D. Wash. 2022) (holding wiretap allegations must be litigated under

15   Washington statute rather than analogous state statutes). Washington "utilizes a two-step 'most

16   significant relationship' test" to resolve disputes over the appropriate choice of law to statutory

17   claims. *Id.* at 995. Under the first step of the test, "the court evaluates the contacts each interested

18   jurisdiction has with the parties and the occurrence under the factors of Restatement section 145" to

19   "consider which contacts are most significant and to determine where these contacts are found." *Id.*

20   at 996 (cleaned up). Under the second step, the court "evaluate[s] the interests and policies of the

21   potentially concerned jurisdictions by applying the factors set forth in Restatement section 6." *Id.*

22   (cleaned up).

23   In *Garner*, for example, the court determined that Washington's wiretap statute applied over

24   "the wiretap laws of the other interested states," because Washington had the most significant

25   relationship to the out-of-state plaintiffs' claims. *Id.* at 996 (noting factors including the injury-

26   causing conduct occurred in or was orchestrated from Washington, Washington's law could protect

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 7

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

other states' legislative interests, and the contractual choice-of-law provision). Similarly here: (1) any alleged injury-causing conduct occurred in or was orchestrated from Washington, the state from which Costco operates; (2) the place of Plaintiffs' alleged injuries was fortuitous and widespread, depending on each Plaintiff's state of residence; (3) the purposes of California's and Florida's wiretap and California's medical information statutes are equally served by Washington's wiretap and health information statutes; and (4) application of Washington law is consistent with the parties' contractual choice-of-law provision. The Court should therefore find Washington law applies to preclude Plaintiffs' statutory claims under California's CIPA and CMIA statutes, and Florida's FSCA, and dismiss Counts V, VI, and VII on that basis.

### B.      Plaintiffs' Wiretap Claims Fail.

#### 1.      Plaintiffs Fail to Plead Wiretapping under the WPA (Count II).

In light of the choice of law analysis immediately above dictating Washington law applies, Costco addresses Plaintiffs' claim under the WPA first. To state a claim under the WPA, Plaintiffs must allege facts showing Costco (1) intercepted or recorded; (2) a private communication; (3) transmitted by telephone, telegraph, radio, or other device; (4) between two or more individuals; (5) without first obtaining the consent of all participants in the communication. RCW 9.73.030(1)(a); *see also Barton v. Serve All, Help All, Inc.*, No. 3:21-cv-05338-RJB, 2023 WL 1965905, *9 (W.D. Wash. Feb. 13, 2023). Plaintiffs must further show they were actually injured as a result of the violation. *Hoang v. Amazon.com, Inc.*, No. 11-cv-01709-MJP, 2012 WL 1088165, *5 (W.D. Wash. Mar. 30, 2012). Plaintiffs fail to establish that Costco "intercepted" their communications, that any "communications" occurred in the first place, or that they suffered an actual injury. Therefore their WPA claim should be dismissed.

#### a)      Plaintiffs Allege Meta, Not Costco, "Intercepted" Their Communications.

Liability under the WPA rests "with the party recording or intercepting the conversation." *Kearney v. Kearny*, 95 Wn. App. 405, 413 ( 1999). The intended recipient cannot "intercept" a message directed to it under the WPA. *Hoang*, 2012 WL 1088165, *5 (WPA claim fails because,

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 8

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1   "regardless of what they did with her information, Defendants were the intended recipients of the

2   communication"); *see also Jones v. Ford Motor Co.*, No. 3:21-cv-05666-DGE, 2022 WL 1423646,

3   *3 (W.D. Wash. May 5, 2022) (hereinafter "*Jones I*"), *aff'd* 85 F.4th 570 (9th Cir. 2023) (hereinafter

4   "*Jones II*") (dismissing WPA claim where plaintiff alleged his Ford vehicle's infotainment system,

5   manufactured by a third party, intercepted his text messages).

6        Plaintiffs admit their communications were intended <u>for</u> Costco. (*See e.g.*, Compl. ¶ 279

7   (alleging "personal medical data" "was intended only for Defendant"); *see also id.* ¶¶ 4, 222). And

8   the allegations show that Meta, <u>not Costco</u>, intercepted Plaintiffs' communications. (*See e.g.*, *id*. ¶

9   88) ("When visitors to Defendant's Website ... communicated with Defendant or inquired about

10  personal health-related topics and specific drug prescriptions, the information was transmitted to and

11  intercepted by <u>Meta</u>.")) (emphasis added.) As such, <u>Meta</u> is the correct target of any WPA claim, not

12  Costco.

### b)    Conduct Involving Non-Qualifying "Communications" Cannot be the Basis of a WPA Claim.

15       The WPA applies only to "[p]rivate" communications "transmitted…between two or more

16  individuals ...." RCW 9.73.030(1)(a). Washington courts interpret "communication" under the WPA

17  based on the "ordinary connotation of oral exchange, discourse, or discussion." *State v. Smith*, 85

18  Wn.2d 840, 846 (1975). Browsing and search history information is data transmitted to a service

19  provider and therefore not a "communication" under the statute. *Cousineau v. Microsoft Corp.*, 992

20  F.Supp.2d 1116, 1129 (W.D. Wash. 2012) ("[w]ithout an individual on the other end of her

21  communication (other than Microsoft), the transmission of Cousineau's data cannot be considered a

22  communication under the WPA"); *In re Carrier IQ, Inc.*, 78 F.Supp.3d 1051, 1093 (N.D. Cal. 2015)

23  (URLs and search terms "may not form the basis for liability under [WPA] as this data was not

24  transmitted as part of a communication between individuals but instead directed to an automated

25  system"). Plaintiffs base their WPA claim on website searches and ancillary mouse-clicks and page-

26  views (*see* Compl. ¶¶ 2, 16–19, 21, 58), which are not communications as a matter of law.

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 9

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1

2

       **c)**    **Plaintiffs Do Not Allege They Suffered any Actual Injury and thus Lack Statutory Standing under the WPA.**

3

A plaintiff must show that "a violation of [the WPA] has injured his or her business, his or

4

her person, or his or her reputation." RCW 9.73.060. Injury is "<u>in addition</u> to a violation of the Act."

5

*Jones I*, 2022 WL 1423646, *4 (emphasis added). "[A]n invasion of privacy, without more, is

6

insufficient to meet the statutory injury requirements" of the WPA. *Jones II*, 85 F.4th at 575; *see also*

7

*Brinkley v. Monterey Fin. Servs., LLC*, 340 F.Supp.3d 1036, 1044–45 & n.3 (S.D. Cal. 2018) (finding

8

invasion of privacy inherent in unauthorized recording of a conversation insufficient to meet Section

9

9.73.060's injury requirement).

10

Plaintiffs here claim that Costco's conduct injured their persons by invading their privacy

11

"through the secret interception and disclosure of their private and sensitive health information."

12

(Compl. ¶ 185.)  That is not enough, and the Ninth Circuit recently affirmed dismissal of WPA claims

13

on that basis. *Jones II*, 85 F.4th at 575 (We "hold that an invasion of privacy, without more, is

14

insufficient to meet the statutory injury requirements of Section 9.73.060."). Thus, Plaintiffs fail to

15

allege an injury to their business, person, or reputation. *Id.*

16

    **2.**    **Plaintiffs Cannot Plausibly Allege Costco Acquired "Contents" of Communications (Counts I, V, and VII).**

17

18

Setting aside the choice-of-law issue, Plaintiffs' remaining wiretap claims, Counts I, V, and

19

VII under the Federal Wiretap Act, CIPA, and FSCA, respectively, all fail because Plaintiffs do not

20

plausibly allege Costco acquired "contents" of the communications. The standard for determining the

21

"contents" of a communication is the same for the federal and state statutes. *Brodsky v. Apple Inc.*,

22

445 F. Supp. 3d 110, 127 (N.D. Cal. 2020); *Brevard Extraditions, Inc. v. Fleetmatics*, *USA, LLC*, No.

23

8:12-cv-02079, 2013 WL 5437117, *3 (M.D. Fla. Sept. 27, 2013). The Federal Wiretap Act defines

24

"contents" as "information concerning the substance, purport, or meaning of [a] communication." 18

25

U.S.C. § 2510(8). It does not include "record information regarding the characteristics of the

26

message." *Graf v. Zynga Game Network, Inc.*, 750 F.3d 1098, 1106–07 (9th Cir. 2014) (holding name,

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 10

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

1    address, subscriber number, identity of a subscriber or customer, and origin, length, and time of a

2    call, or geolocation data are not content). Nor does it include device data, such as "the date and time

3    of the visit, the duration of the visit, [a p]laintiff's IP address, her location at the time of the visit, her

4    browser type, and the operating system on her device." *Yoon v. Lululemon USA, Inc.*, 549 F.Supp.3d

5    1073, 1082–83 (C.D. Cal. 2021).

6         Here, Plaintiffs allege the "contents" at issue included "personal, private, and highly sensitive

7    information" communicated while visiting Costco.com (Compl. ¶¶ 15–24), including searches for

8    drug pricing information. (*Id.* ¶¶ 16–19.) However, "the connection between a person's browsing

9    history and his or her own state of health is too tenuous[.]" *Smith v. Facebook, Inc.*, 745 F. App'x. 8,

10   9 (9th Cir. 2018). This is especially true when at least some Plaintiffs' visited the website on behalf

11   of third parties. (*E.g.*, Compl. ¶ 23.) Because general health-related searches on publicly available

12   websites "cannot, in and of itself, reveal details of an individual's health status or medical history"

13   this is not the type of content the Federal Wiretap Act, and corresponding state statutes, are meant to

14   protect. *Smith*, 745 F. App'x. at 9.

15          **3.    Plaintiffs' Federal Wiretap Claim (Count I) Separately Fails Because
                    Costco was a Party to the Communication at Issue.**
16

17        Even if Plaintiffs had properly pleaded Costco acquired contents of communications (they do

18   not), Plaintiffs' Federal Wiretap Act claim fails for the additional reason that Costco was "a party to

19   the communications" and therefore cannot violate the Act. 18 U.S.C. § 2511(2)(d).

20        The Federal Wiretap Act provides a civil cause of action to a person whose wire, electronic,

21   or oral communications to another are intentionally intercepted without the consent of at least one

22   party to the communication, unless one of the Act's exceptions applies. 18 U.S.C. §§ 2511(1)(a),

23   2520(a); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606–07 (9th Cir. 2020). "[A]

24   communication will always consist of at least two parties: the speaker and/or sender, and at least one

25   intended recipient," who is necessarily one of the parties to the communication. *In re Google Inc.*

26   *Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 143 (3d Cir. 2015). Here, the

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 11

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

communications at issue all occurred on Costco's public website, and Costco—not Meta—was the intended recipient of the allegedly intercepted communications. (*See e.g.*, Compl. ¶¶ 88, 279.) Costco "is therefore a party to those communications and cannot be liable under the [Federal] Wiretap Act for its alleged interception of them, if such an interception even occurred." *Kurowski v. Rush Sys. for Health*, 659 F.Supp.3d 931, 938 (N.D. Ill. 2023) ("*Kurowski I*").

The party exception is not negated by Plaintiffs' conclusory allegation that Costco used the Meta Pixel or other third-party tools for "tortious or criminal" purposes. (*See* Compl. ¶¶ 166–67.) Under the crime-tort exception, Plaintiffs "must show that the purpose for [Costco's alleged] interception was to injure [P]laintiffs tortiously." *In re Meta Pixel Healthcare Litig.*, 647 F. Supp.3d 778, 797 (N.D. Cal. 2022). That cannot be the case, and the crime-tort exception is "inapplicable[,] where the defendant's primary motivation was to make money[.]" *Id.* (collecting cases) (crime-tort exception inapplicable when Meta's primary purpose was to make money through advertising). The tortious or criminal act must also be "<u>independent</u> of the intentional act of the recording or interception itself." *BK v. Eisenhower Medical Center*, No. 23-cv-02092-JGB, 2024 WL 878100, *5 (C.D. Cal. Feb. 29, 2024) (emphasis original) (collecting cases).

Plaintiffs' allegations undermine potential application of the crime-tort exception. Plaintiffs' claims arise out of Costco's alleged "interception" and disclosure of Plaintiffs' communications on the public-facing portions of Costco's website. And, Plaintiffs allege that Costco's "core goal" of its "digital health care platforms" was to "increas[e] profitability." (Compl. ¶ 57; *see also id.* ¶¶ 139, 183, 191–93.) They also claim that Costco used the Pixel to further this goal and increase the success of its advertising. (*Id.* ¶¶ 57–58.) Thus, because Costco's alleged purpose was financial gain, and Plaintiffs do not allege "that this purpose constitutes independently illegal or actionable conduct", the crime-tort exception cannot apply. *BK*, 2024 WL 878100 at *5.

### 4.    Plaintiffs' Communications are Not Protected by the FSCA (Count VII).

Independent grounds also exist to dismiss Plaintiffs' FSCA claim. The FSCA prohibits the intentional interception of electronic communications. Fla. Stat § 934.03(1)(a). "[E]lectronic

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 12

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

communications" <u>do not include</u> "[a]ny communication from an electronic or mechanical device [that] permits the tracking of the movement of a person or object." *Id*. Thus, Florida courts have concluded that website tracking technologies are definitionally excluded from the FSCA because they "permit[] the tracking of the movement of an object." *Jacome v. Spirit Airlines Inc.*, No. 2021-000947-CA-01, 2021 WL 3087860, *3 (Fla. Cir. Ct. June 17, 2021) (dismissing FSCA claim based on defendant's alleged use of third-party analytics tool to track browsing history, search terms, pages and content viewed); *see also Goldstein v. Costco Wholesale Corp.*, 559 F.Supp.3d 1318, 1320 (S.D. Fla. 2021) (collecting cases). As Plaintiffs highlight, their allegations arise from Costco's alleged use of third-party tracking technologies (Compl. ¶ 1) that allegedly monitor users' activity on Costco's website, including pages visited, searches, and other activity on the website. (Compl. ¶ 3.) Because this information does not constitute an "electronic communication," Plaintiffs' FSCA claim should be dismissed.

### C.    Plaintiffs' Remaining Statutory Claims Fail as a Matter of Law.

#### 1.    Plaintiffs' WCPA Claim (Count III) Should Be Dismissed For Failure to Allege an Unfair or Deceptive Practice or a Cognizable Injury, Caused by Costco.

To state a claim under the WCPA, a plaintiff must establish five elements: "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Young v. Toyota Motor Sales, U.S.A.*, 196 Wn.2d 310, 316 (2020). And a claim under the WCPA may be predicated upon "a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Id*. Plaintiffs fail to allege sufficient facts to establish Costco engaged in an unfair or deceptive practice, or that Plaintiffs suffered any actual injury, either of which is independently fatal to their WCPA claim.

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 13

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1

          **a)**     **Plaintiffs Cannot Premise Their WCPA Claim on a Per Se Violation and They Do Not Allege any Other Unfair or Deceptive Practice.**

2

3       Plaintiffs vaguely allege Costco engaged in unfair or deceptive acts that "violated public

4    policy established by statute." (Compl. ¶¶ 190, 197). To the extent Plaintiffs seek to base their WCPA

5    claim on per se violations of various wiretapping statutes, their claims fail for the reasons outlined

6    above. (*Supra* §§ A, B.) And, Plaintiffs cannot establish a WCPA claim based on an alleged violation

7    of the WUHICA health care disclosure statute. *See* RCW 70.02.170(4). Thus, Plaintiffs must allege

8    sufficient facts to establish Costco engaged in an unfair or deceptive act or practice. They do not.

9       Whether a particular act or practice is "unfair or deceptive" can be resolved as a matter of

10   law. *See Young*, 196 Wn.2d at 317. If a plaintiff proceeds under a theory that the practice is deceptive,

11   she must show the challenged activity "had the capacity to deceive a substantial portion of the public,"

12   which means that it is likely to mislead a reasonable consumer. *Id.* Alternatively, if a plaintiff

13   proceeds under a theory that the practice is merely "unfair" and not deceptive, she must establish that

14   the act or practice "causes or is likely to cause substantial injury to consumers which is not reasonably

15   avoidable by consumers themselves and is not outweighed by countervailing benefits [to consumers

16   or to competition]." *Gray v. Amazon.com, Inc*., 653 F. Supp. 3d 847, 858 (W.D. Wash. 2023).

17      When a company provides sufficient disclosures to give a reasonable consumer "reason to

18   anticipate" the challenged conduct, it cannot be unfair or deceptive as a matter of law. *Id.* at 858–59

19   (privacy notice contemplated Amazon's use of voice data for advertising, so the plaintiff could not

20   allege any deception; consumers could "reasonably avoid" the injury by simply reviewing terms and

21   declining to purchase or use Alexa-enabled device); *see also Smale v. Cellco Partnership*, 547

22   F.Supp.2d 1181, 1188 (W.D. Wash. 2008) (dismissing WCPA claim because the challenged practice

23   (Verizon's failure to disclose that it would charge certain fee) was not unfair or deceptive as a matter

24   of law due to disclosures given to plaintiff prior to the charge). In addition, when the consumer has

25   "reason to anticipate the impending harm and the means to avoid it," or is aware of and reasonably

26   capable of pursuing, potential avenues toward mitigating the injury after the fact, the challenged

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 14

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1    practice cannot be deemed "unfair." *Alpert v. Nationstar Mortg. LLC*, No. 15-cv-01164-RAJ, 2019

2    WL 1200541, *6 (W.D. Wash. Mar. 14, 2019).

3         Here, Plaintiffs allege Costco engaged in an unfair or deceptive practice by embedding Meta

4    Pixel on its website, "to secretly record and disclose" customers' "private communications" without

5    their consent. (Compl. ¶ 190.) However, like in *Gray*, Costco's Privacy Policy expressly disclosed

6    the use of tracking technologies and provided an opportunity for Plaintiffs to opt out of their use. As

7    Plaintiffs admit, the Privacy Policy governs Costco's use of consumers' personal information and

8    Plaintiffs rely on that Policy to set their expectations about the use of their information. (*See e.g.*,

9    Compl. ¶¶ 47, 51, 235 & nn.26, 27.) Thus, Costco expressly notified Plaintiffs about the challenged

10   tracking, which negates any theory that Costco's actions were deceptive. Costco also gave Plaintiffs

11   the opportunity to opt out, which negates any theory that Costco's actions were unfair.  Accordingly,

12   Plaintiffs fail to state a crucial element of their claim and their WCPA claim should be dismissed.

13               **b)        Plaintiffs Do Not Allege an Injury Under the WCPA.**

14        The required injury under the WCPA "need not be great, or even quantifiable, but it must be

15   an injury to business or property." *Ambach v. French*, 167 Wn.2d 167, 171–72 (2009) (cleaned up).

16   "Business or property" as used in the WCPA "denote[s] a commercial venture or enterprise." *Id.* at

17   172. A cognizable injury "is established when a plaintiff is deprived of the use of his property as a

18   result of an unfair or deceptive act or practice." *Sorrel v. Eagle Healthcare, Inc.*, 110 Wn. App. 290,

19   298 (2002). Plaintiffs allege only injury to a purported privacy interest, which is insufficient to state

20   a WCPA claim. "[A]n invasion of privacy is a 'personal' injury, rather than a 'business or property'

21   injury, because the concept of privacy by its very nature is inherently personal, not pecuniary." *Gragg

22   v. Orange Cab Co.*, 942 F.Supp.2d 1111, 1118–19 (W.D. Wash. 2013) (cleaned up) (dismissing

23   WCPA claim where alleged injury was a privacy violation). And "[p]ersonal injuries, as opposed to

24   injuries to 'business or property,' are not compensable and do not satisfy the injury requirement"

25   under the WCPA. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57 (2009).

26               **c)        Plaintiffs Do Not Allege that Costco Caused Their Injury.**

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 15

1    Even if Plaintiffs sufficiently allege injury (they do not), they fail to establish "that, but for

2    [Costco's] unfair or deceptive practice, [they] would not have suffered an injury." *See e.g.*, *Indoor*

3    *Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 84 (2007). As an initial

4    matter, Plaintiffs may not premise their WCPA claim on the disclosures contained in Costco's

5    Privacy Policy for the reasons outlined *supra* Section IV(C)(a). And, Plaintiffs' generic allegation

6    that Costco's "unfair and deceptive acts are the proximate cause of the alleged injuries," (Compl. ¶

7    198), does not give Costco notice of any alleged "unfair and deceptive acts" or identify any injury.

8    *Nw. Line Constructors Chapter of the Nat'l Elec. Contractors Ass'n v. Snohomish Cnty. PUD. No.*

9    *1*, 104 Wn. App 842, 848-49 (2001) (pleading insufficient when it "does not give the opposing

10   party fair notice of what the claim is and the ground upon which it resets").

11   Regardless, it is Plaintiffs, not Costco, who themselves caused their alleged injury by

12   creating Facebook accounts and "agree[ing] to several Facebook policies" that allowed Meta—not

13   Costco—to "collect information when [they] visit third-party websites and apps that use

14   [Facebook's] Services," including "information about the websites and apps [Plaintiffs] visit."

15   *Smith*, 262 F.Supp.3d at 953 (N.D. Cal. 2017). Plaintiffs admit that Meta "link[s] the data collected

16   by the Pixel to … specific Facebook user[s]" (Compl. ¶ 78) through cookies it places on Facebook

17   account holders' web browsers. (*Id.* ¶¶ 78-81.) Plaintiffs each admit to having a Facebook account

18   (*id.* ¶¶ 15-25), and all but plaintiff R.S. allege they "generally remained logged in to [their]

19   account[s]." (*Id.* ¶¶ 15-18, 20-25.) Thus, it is Plaintiffs' own actions that caused any alleged injury.

20           **2.    Plaintiffs Fail to State a Claim under WUHICA (Count IV).**

21   Washington's Uniform Health Care Information Act prohibits a health care provider from

22   disclosing "health care information" about a patient "without the patient's written authorization."

23   RCW 70.02.020(1). "Health Care Information" means "any information, whether oral or recorded in

24   any form or medium, that identifies or can readily be associated with the identity of a patient and

25   directly relates to the patient's health care." RCW 70.02.010(17).

26           The website activity that Plaintiffs allege Meta intercepted or received does not qualify as

---

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 16

"health care information." The WUHCIA's definition of "health care information" is similar to the definitions of "health information" and "individually identifiable health information" in HIPAA. *See* 42 U.S.C. § 1320d(4) and (6). Therefore, the ruling in *Smith v. Facebook*, 262 F.Supp.3d 943, 954 (N.D. Cal. 2018), *aff'd*, 745 F.App'x 8 (9th Cir. 2018), that information about website traffic is not health information should equally apply to bar Plaintiffs' claims here:

> Nothing about that information relates specifically to Plaintiffs' health[.] These pages contain general health information that is accessible to the public at large. The same pages are available to every computer, tablet, smartphone, or automated crawler that sends GET requests to these URLS. Nothing about the URLs, or the content of the pages located at those URLs, relates 'to the past, present, or future physical or mental health or condition of an individual.'

*Id.* at 954–55. In affirming the dismissal of similar claims, the Ninth Circuit drew the relevant distinction between disclosure of website traffic arising from searching public websites—even for specific medical conditions—and disclosure of "health information":

> The data show only that Plaintiffs searched and viewed <u>publicly available health information that cannot, in and of itself, reveal details of an individual's health status or medical history</u>[.] <u>Information available on publicly accessible websites stands in stark contrast to the personally identifiably patient records and medical histories</u> protected by [privacy statutes.]

*Smith*, 745 F.App'x. at 9 (emphasis added). Viewing information on a public facing website, e.g., about drug pricing, does not "directly relate[] to the patient's health care." RCW 70.02.010(17). Thus, Plaintiffs' WUHICA claim should be dismissed.

### 3.    Plaintiffs' CMIA Claim Fails (Count VI).

The CMIA prohibits healthcare providers from disclosing medical information relating to patients without their authorization. To state a claim under the Act, a plaintiff must plead facts showing their "medical information" was actually viewed by an unauthorized person. *Sutter Health v. Super. Ct.*, 227 Cal.App.4th 1546, 1555, 1557 (2014). Independent of the choice-of-law issue, the California Plaintiffs' CMIA claim fails because they do not allege facts showing (1) they provided confidential medical information to Costco or (2) that Meta actually reviewed such information.

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 17

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1

2

**a)    Plaintiffs Do Not Allege Facts Showing that They Provided Confidential Medical Information to Costco.**

3

As used in the CMIA, "[m]edical information" means "individually identifiable information,

4

... in possession of or derived from a provider of health care, health care service plan, pharmaceutical

5

company, or contractor regarding a patient's medical history, mental or physical condition, or

6

treatment." Cal. Civ. Code § 56.05(j).

7

"[I]ndividually identifiable" means medical information that "contains any element of

8

personal identifying information sufficient to allow identification of the individual, such as the

9

patient's name, address, electronic mail address, telephone number, or social security number, or

10

other information that, alone or in combination with other publicly available information, reveals the

11

identity of the individual." *Id.* § 56.05(j); *Eisenhower Med. Ctr. v. Super. Ct.*, 226 Cal.App.4th 430,

12

435 (2014) ("medical information cannot mean just any patient-related information held by a health

13

care provider but must be 'individually identifiable information' and also include 'a patient's medical

14

history, mental or physical condition, or treatment'").

15

Plaintiffs allege they "communicated personal, private, and highly sensitive information" to

16

Costco via its public website. (Compl. ¶¶ 15–24.) Considering similar allegations, multiple California

17

courts have found such conclusory assertions insufficient to establish defendants hold plaintiffs'

18

"medical information" for purposes of the CMIA. *See, e.g.*, *Doe v. MKS Instruments, Inc.*, No. 23-

19

cv-00868-CJC-KES, 2023 WL 9421115, *2–3 (C.D. Cal. Nov. 3, 2023) (collecting cases)

20

("conclusory allegation that [plaintiff] gave [defendant] 'medical information' including 'information

21

about disabilities, health and medical condition'" insufficient to "plausibly allege [defendant]

22

possessed [his] medical information"); *BK*, 2024 WL 878100 at *4 (dismissing CMIA claim where

23

plaintiffs "fail[ed] to allege any specificity as to what medical information was allegedly disclosed or

24

when it was disclosed").

25

Thus, Plaintiffs fail to show they provided Costco with their "medical information."

26

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 18

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

### b) Plaintiffs Do Not Allege Facts Showing that Meta "Actually Viewed" Their Medical Information.

Even assuming medical information was disclosed "does not mean that the information was viewed by an unauthorized person." *Cousins v. Sharp Healthcare*, No. 22-cv-2040-MMA-DDL, 2023 WL 4484441, *8 (S.D. Cal. July 12, 2023). "No breach of confidentiality takes place until an unauthorized person views the medical information." *Sutter Health*, 227 Cal.App.4th at 1555, 1557; *Vigil v. Muir Med. Grp. IPA, Inc.*, 84 Cal.App.5th 197, 213, 217–20 (2022) ("[W]e agree with *Sutter Health* that a breach of confidentiality under the [C]MIA requires a showing that an unauthorized party viewed the confidential information."). Put differently, possession of medial information, "without actually viewing the information does not offend the basic public policy advanced by [the CMIA]." *Barbour v. John Muir Health*, No. C22-01693, 2023 WL 2618967, *7 (Cal. Super. Ct., Jan. 5, 2023) (citing *Sutter Health*, 227 Cal.App.4th at 1557).

Here, Plaintiffs contend (albeit in conclusory fashion) that data was "collected," "transmitted," "sent," "received by," "shared," or "disclosed" to or by Meta. (*See, e.g.*, Compl. ¶¶ 26, 56, 78, 88, 93, 231, 232.) However, they plead no facts to support their conclusion data was actually viewed. "[T]hat Meta <u>could</u> collect and view the information of a hypothetical patient does not support Plaintiff[s'] claim." *Cousins*, 2023 WL 4484441, *8 (emphasis added); Plaintiffs have thus "not alleged that the information was 'actually read' within the meaning of *Sutter Health*." *Barbour*, 2023 WL 2618967 at *7.

### D. Plaintiffs' Common Law Claims All Fail.

#### 1. Plaintiffs Cannot Base Their Invasion of Privacy Claim (Count VIII) on the Washington Constitution, and They Otherwise Fail to Allege an Intrusion by Costco.

Plaintiffs allege Costco's purported use of the Pixel on its website constitutes a violation of Article I, Section 7 of the Constitution of the State of Washington. (Compl. ¶ 255.) As an initial matter, that provision of the Washington Constitution applies solely "[w]hen the intruder is the government." *Fisher v. Dep't of Health*, 125 Wn. App. 869, 879 (2005). Costco is not a government actor, and so Plaintiffs' claim fails.

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 19

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

1    Even if interpreted as common law invasion of privacy, the claim still fails. Intrusion upon

2    seclusion requires: (1) a defendant's intrusion, physically or otherwise, upon the solitude or seclusion

3    of plaintiff, or his private affairs, (2) a legitimate and reasonable expectation of privacy with respect

4    to that matter or affair, (3) an intrusion that is highly offensive to a reasonable person, and (4) damage

5    proximately caused by the intrusion. *Doe v. Gonzaga Univ.*, 143 Wn.2d 687, 705–06 (2001),

6    *overruled on other grounds* 536 U.S. 273 (2002). "The intruder must have acted deliberately to

7    achieve the result, with the certain belief that the result would happen." *Fisher*, 125 Wn. App. at 879.

8    In short, Plaintiffs must plead facts showing intentional intrusion into a legally protectable private

9    place in a highly offensive manner. *Youker v. Douglas Cnty.*, 178 Wn. App. 793, 797 (2014).

10    Plaintiffs simply do not demonstrate any such intrusion. They concede Costco was the

11    intended recipient of their information. (*See e.g.*, Compl. ¶ 279.) If any intrusion occurred, therefore,

12    it was at the hands of Meta, not Costco. Under virtually identical circumstances, the Northern District

13    of Illinois found a hospital did not intrude upon its patients' seclusion when it allowed third-party

14    source code to collect the data the plaintiff alleged it later disclosed. *Kurowski v. Rush Sys. For*

15    *Health*, No. 22-cv-05380, 2023 WL 4707184, *8 (N.D. Ill. July 24, 2023) ("*Kurowski II*") ("The

16    harm caused by Rush, if any, continues to be its alleged disclosure of the Kurowski's private health

17    information. Even drawing all inferences in Kurowski's favor, the only plausible conclusion the Court

18    can arrive at is that the allegedly harmful intrusion here, if any, was accomplished by third parties.");

19    *see also Mikulsky v. Bloomingdale's, LLC,* No. 3:23-cv-00425-L-VET, 2024 WL 337180, *8 (S.D.

20    Cal. Jan. 25, 2024), ("[c]ourts have been unwilling to find a cognizable privacy interest in browsing

21    data from users on [a] Defendant's own website").

22    **2.    Plaintiffs' Breach of Implied Contract Claim (Count IX) Fails Without Mutual Assent and Consideration.**

23    A contract implied in fact is an agreement depending for its existence on some act or conduct

24    of the party sought to be charged and arising by implication from circumstances which, according to

25    common understanding, show a mutual intention on the part of the parties to contract with each other.[2]

26

---

[2] Because plaintiffs' allegations in the Complaint indicate that Washington law is the basis for plaintiffs' common law tort claims, Costco analyzes those claims under Washington law without

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 20

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

*See Young v. Young*, 164 Wn.2d 477, 485–86 (2008). "The services must be rendered under such circumstances as to indicate that the person rendering them expected to be paid therefor, and that the recipient expected, or should have expected, to pay for them." *Johnson v. Nasi*, 50 Wn.2d 87, 91 (1957).

Plaintiffs here have not and cannot allege the necessary mutual assent and consideration required to demonstrate the existence of a valid contract. At most, Plaintiffs allege they "paid money and provided their Sensitive Information ... in exchange for services[.]" (Compl. ¶ 269.) But at no point do Plaintiffs provide any further description of these services (beyond defining them as "pharmaceutical") or any plausible description of the consideration exchanged. Rather, Plaintiffs simply state in conclusory fashion that such elements exist. (*Id.* ¶¶ 269–72.) This Court is not required to make the inferential leaps required to sustain Plaintiffs' claims.

Plaintiffs go on to allege that Costco "agreed to safeguard and not disclose" their personal information without consent. (*Id.* ¶ 269.) Plaintiffs do not state when, where, or how Costco made this agreement. Without more, this "is insufficient" because "it does not give [Costco] fair notice of what the claim is and the ground upon which it rests." *Lewis v. Bell*, 45 Wn. App. 192, 197 (1986). To the extent this statement is based on Costco Health Centers' Notice of Privacy Practices, that document cannot serve as an enforceable contract because such notice is mandated by HIPAA and therefore reflects compliance with applicable law rather than a bargained for contract. *See e.g. In re Maple*, 434 B.R. 363, 371 (Bankr. E.D. Va. 2010); *J.R. v. Walgreens Boots All., Inc.*, 470 F.Supp.3d 534, 559 (D.S.C. 2020). There is no consideration where there is no allegation a party "promised to act beyond the existing HIPAA" or other legal "mandates." *Griffey v. Magellan Health Inc.*, 562 F.Supp.3d 34, 52-53 (D. Ariz. 2021) (dismissing claim for breach of implied contract). Plaintiffs here do not "suggest any promise beyond [Costco's] legal obligations." *Id.*

Finally, Plaintiffs fail to allege any damages arising from the supposed breach. *Silvey v. Numerica Credit Union*, 23 Wn. App. 2d 535, 544 (2022) (damages are necessary part of breach of

---

waiving the right to advance a choice of law argument as to those claims on a more fully developed record.

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 21

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

contract claim). Plaintiffs allege they have "sustained damages as alleged herein" but never actually identify what those damages are beyond vague assertions of overpayment. (Compl. ¶ 274.) Such harm, if it can be construed as such, is not actionable under an implied contract theory. *Wilkerson v. Wegner*, 58 Wn. App. 404, 409 (1990) (holding "mere speculation … does not give rise to recoverable damages for breach of contract"). Without more, it is impossible for Costco to determine what damages Plaintiffs seek. *Lewis*, 45 Wn. App. at 197.

### 3.    Plaintiffs' Conversion Claim (Count X) Fails Because Browsing Activity is Not Personal Property and Costco Has Not Deprived Plaintiffs of Their Activity in any Event.

Conversion requires "(1) willful interference with chattel belonging to the plaintiff, (2) by either taking or unlawful retention, and (3) thereby depriving the owner of possession." *Burton v. City of Spokane*, 16 Wn.App.2d 769, 773 (2021). For two separate reasons, Plaintiffs fail to plead a claim for conversion.

First, website activity on Costco.com is not "chattel." "A chattel is '[a]n article of personal property[,]" "[a] thing personal and moveable." *In re Marriage of Langham*, 153 Wn.2d 553, 564 (2005). And, courts have rejected conversion claims where the alleged property is a person's online activity. *E.g.*, *Vyas v. Wallach*, No. 06-cv-01193-RSM, 2006 WL 8454883, *3 (W.D. Wash. Nov. 30, 2006) (plaintiffs "have not demonstrated that a website is a chattel subject to possession or conversion.").

Second, Costco has not deprived Plaintiffs "of possession" of their website activity (or any other information Plaintiffs voluntarily provided to Costco). *Calence, LLC v. Dimension Data Holdings*, No. 06-cv-00262-RSM, 2007 WL 1526349, *7 (W.D. Wash. May 23, 2007) (no claim for conversion where owner "retains originals or other copies of documents another improperly uses because the owner is not deprived of the beneficial use of the information."); *see also Monarch Fire Prot. Dist. of St. Louis Cnty., Mo. v. Freedom Consulting & Auditing Servs., Inc.*, 678 F.Supp.2d 927, 944 (E.D. Mo. 2009) ("The overwhelming weight of authority holds that a copy of a document cannot be converted because the owner has not been deprived of possession."). Plaintiffs here still possess

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 22

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

1    all information they provided to Costco on the website. Instead, they argue they were deprived of

2    "possessory interests" in information because Plaintiffs lost "control over the dissemination of their

3    personal medical data which was intended only for Defendant." (Compl. ¶ 279.) But loss of control

4    is not an element of conversion. Conversion looks at <u>possession</u>. Because Plaintiffs retained the

5    information, they were "not deprived of the beneficial use of the information," and the claim should

6    be dismissed. *Calence*, 2007 WL 1526349 at *7.

7    **4.    Plaintiffs' Unjust Enrichment Claim (Count XI) Fails Because Costco Received No Benefit to Plaintiffs' Detriment.**

8    To state a claim for unjust enrichment, a plaintiff must plead sufficient facts showing (1) the

9    defendant received a benefit, (2) at the plaintiff's expense, and (3) the circumstances make it unjust

10    for the defendant to retain the benefit without payment. *Young*, 164 Wn.2d at 484–85. Here, Plaintiffs

11    fail to state an unjust enrichment claim because the Complaint lacks facts showing that Costco

12    received a "benefit" from Plaintiffs' provision of information or that Plaintiffs suffered any detriment.

13    First, Plaintiffs do not allege facts showing Costco was enriched at their expense. Plaintiffs

14    make a conclusory assertion in that regard. (Compl. ¶ 284 (claiming Costco "enriched itself at the

15    expense of Plaintiffs").) But beyond this summary statement, Plaintiffs fail to identify any "tangible

16    economic loss" of their own. *Cousineau*, 992 F.Supp.2d at 1130. Plaintiffs must "not only [show]

17    that [Costco] benefited but also that [Plaintiffs were] deprived in terms of payment, property, services,

18    or some equivalent form of an expense." *Id.* at 1130. Plaintiffs fall far short of alleging that but for

19    the transmission of their information to Meta, "they could have monetized their own Private

20    Information." *Wallace v. Health Quest Sys., Inc.*, No. 20-cv-00545-VB, 2021 WL 1109727, *8

21    (S.D.N.Y. Mar. 23, 2021). Nor do Plaintiffs allege any pecuniary loss resulting from transfer of

22    URLs, headers, or web pages visited as an expense to them. *Street v. Amazon.com Servs. LLC*, No.

23    2:21-cv-0912-BJR, 2022 WL 3683811, *5 (W.D. Wash. Aug. 25, 2022) (dismissing unjust

24    enrichment claim). Plaintiffs' failure to identify expenses incurred requires dismissal of their claim.

25    Second, Plaintiffs do not allege any specific value in their website activity. They speculate

26    there may be a market for health information generally. (*See* Compl. ¶¶ 111–12.) But "Plaintiffs do

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 23

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

not allege they could have monetized their private information, nor do they claim their private information was actually monetized." *Wallace*, 2021 WL 1109727 at \*8; *see also Saeedy v. Microsoft Corp.*, No. 23-cv-1104, 2023 WL 8828852, \*6–7 (W.D. Wash. Dec. 21, 2023) (dismissing claims where plaintiffs failed to allege how they "lost value from the loss of their data, or lost profit from the sale of their data without compensation, or how they were prevented from deriving economic benefit from their data").

Finally, Plaintiffs cannot bring an equitable claim when they have an adequate remedy at law, as they do under other claims. Where, as here, Plaintiffs allege multiple statutory remedies, "they are not entitled to pursue a remedy in equity" for unjust enrichment. *Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*, 139 Wn.2d 824, 838-39 (2000).

## V.    **CONCLUSION**

For the reasons discussed above, Costco respectfully requests the Court dismiss Plaintiffs' claims with prejudice as a matter of law.

DATED this 11th day of March, 2024

Respectfully submitted,


By: *s/ Kristin M. Asai*
　　HOLLAND & KNIGHT LLP
　　Kristin M. Asai, WSBA #49511
　　Kristin.Asai@hklaw.com
　　601 SW Second Avenue, Suite 1800
　　Portland, OR 97204
　　Telephone: 503.243.2300

　　*s/ Ashley L. Shively*
　　HOLLAND & KNIGHT LLP
　　Ashley L. Shively, *admitted pro hac vice*
　　Ashley.Shively@hklaw.com
　　560 Mission Street, Suite 1900
　　San Francisco, CA 94105
　　Telephone: 415.743.6900

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 24

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1

2

3                                     *s/ Rebecca G. Durham*

                                       HOLLAND & KNIGHT LLP

4                                      Rebecca G. Durham, *admitted pro hac vice*

                                      Rebecca.Durham@hklaw.com

5                                      560 Mission Street, Suite 1900

6                                      San Francisco, CA 94105

                                      Telephone: 415.743.6900

7

8                                      *Attorneys for Defendant*

9                                      *Costco Wholesale Corporation*

10

11  I certify that this memorandum contains 8388 words, in compliance with the Local Civil Rules.

12

13             */s/ Kristin M. Asai*

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT COSTCO WHOLESALE CORPORATION'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
CASE NO. 2:23-CV-01548-JHC - PAGE 25

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300