The Honorable John H. Chun

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESUS CASTILLO, MARK KNOWLES, ALEX RODRIGUEZ, NICHOLAS JAMES THROLSON, R.S., KIMBERLY SCOTT, ROBIN WARBEY, DANIEL SMITH, MATT GROVES, VERN DEOCHOA, TYRONE WASHINGTON, individually, and on behalf of those similarly situated,

Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION, a Washington corporation,

Defendant.

Case No. 2:23-cv-01548-JHC

**DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**NOTE ON MOTION CALENDAR: 4/19/2024**

**ORAL ARGUMENT REQUESTED**

## I.    INTRODUCTION

Plaintiffs' Response confirms that the Court should grant Costco's Motion—they simply do not allege Costco disclosed protected information linked to any Costco patient. Their claims are premised on the theory Costco disclosed vaguely-defined "sensitive information" without authorization. They specifically allege Costco allowed Meta to combine its cookie data with anonymized Meta Pixel data about how website visitors with Facebook accounts used the public-facing portions of Costco.com. To qualify as Protected Health Information, however, the disclosed

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

1    information must (1) identify the patient and (2) directly relate to health care. RCW 70.02.010(17).

2    Plaintiffs do not allege disclosure of any such information.

3         Plaintiffs concede the Pixel was not present on Costco's password-protected "patient portal,"

4    where individually identifiable information is stored and customers order and refill prescriptions

5    (hereinafter "Patient Profile Pages"). (¶¶ 16–18[1]; Plaintiffs' Response to Costco's Mot. To Dismiss

6    ("Resp."), Dkt. # 49, at 9–10.) Plaintiffs' allegations (at most) suggest they visited the public-facing

7    pages of Costco's website (*e.g.* ¶¶ 91–100) and there made general health-related searches.

8         Plaintiffs seek to avoid this reality by loudly repeating that "health-related information,

9    including information about prescriptions" is shared with Meta. But the hypothetical examples they

10   describe are not patients. These fictional users are on the public-facing portion of the website, and

11   can search for nothing more than comparison pricing information. The fact someone may search for

12   publicly available cost information about, for instance, Prozac "cannot, in and of itself, reveal details

13   of an individual's health status or medical history[.]" *Smith v. Facebook*, 262 F.Supp.3d 943, 954

14   (N.D. Cal. 2018) ("*Smith I*"), aff'd, 745 F.App'x 8 (9th Cir. 2018) ("*Smith II*"). Indeed, the same

15   information is available on WebMD, PharmacyChecker, and a variety of other public sites.[2]

16   Plaintiffs' argument that Meta intercepted search information and website traffic on the public

17   portions of Costco's website, prior to logging into the Patient Profile Pages, similarly could not have

18   revealed any details of an individual's actual health status or medical history. Information that an

19   individual navigated to a log-in page simply does not reveal any identifiable health information about

20   that person.

21        Plaintiffs do not cross the most basic threshold necessary to state a claim: unauthorized

22   disclosure of individually identifiable heath information. Plaintiffs do not plead Costco disclosed any

23   information that can be connected to any Costco pharmacy patient. As a result, they have no claim

24   under any theory.

25

26   ---
[1] All citations to ¶ refer to Plaintiffs' Consolidated Complaint, Dkt. 29.
[2] https://www.webmdrx.com/drug-prices/prozac;
https://www.pharmacychecker.com/fluoxetine/#us-prices (last visited April 19, 2024).

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 2

## II.    ARGUMENT

### A.    Plaintiffs' Federal Wiretap Claim should be dismissed.

#### 1.    Plaintiffs' general browsing history and conclusory allegations do not qualify as the "contents" of their communications with Costco.

General health-related searches on publicly available websites "cannot, in and of [themselves], reveal details of an individual's health status or medical history", and are therefore not the type of content the Wiretap Act, and corresponding state statutes, are meant to protect. *Smith II*, 745 F. App'x. at 9. Here, Plaintiffs only allege the Pixel was present on Costco's public-facing webpages where they conducted general health-related searches. (*e.g.* ¶¶ 91–100.) Plaintiffs do not allege the Pixel was present on Costco's Patient Profile Pages. (¶¶ 16–18.) Indeed the "content" of Plaintiffs' communications allegedly intercepted by Meta consists entirely of generic, publicly-available health information rather than information identifying a particular individual's health condition behind a patient portal. *Compare Smith I*, 262 F.Supp.3d at 954–55 (webpages and searches at issue contained "information about treatment options for melanoma,...search results related to the phrase 'intestine transplant,' and other publicly available medical information") *with Kane v. Univ. of Rochester*, No. 23-CV-6027-FPG, 2024 WL 1178340 (W.D.N.Y Mar. 19, 2024) (alleged placement of the Pixel inside patient portal made it "possible to identify a specific individual...seeking treatment from a specific physician").[3]

#### 2.    Plaintiffs concede Costco is a party to Plaintiffs' communications and fail to allege sufficient facts for the Court to apply the crime-tort carveout.

Plaintiffs' Wiretap Act claim fails for the separate and independent reason that Costco was a party to the communications (Mot. 20–21), and Plaintiffs' reliance on the crime-tort exception is misplaced.

To plead the crime-tort exception to the Wiretap Act, a plaintiff must show the allegedly unlawful act was <u>independent</u> of the unlawful interception. *See Sussman v. Am. Broadcasting Cos.*,

---

[3] For the same reasons, Plaintiffs' communications to Costco do not qualify as "contents" under CIPA (Count V) and the FSCA (Count VII), and these claims should also be dismissed.

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 3

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

186 F.3d 1200, 1201–03 (9th Cir. 1999). The question for the Court, therefore, is whether Costco "had third parties intercept communications between itself and its plan members 'for the purpose of committing [a] criminal or tortious act in violation of the Constitution or laws of the United States or of any State.' 18 U.S.C. § 2511(2)(d)." *Doe v. Kaiser*, No. 23-cv-02865-EMC, 2024 WL 1589982, *8 (N.D. Cal. Apr. 11, 2024).

Plaintiffs do not allege independent criminal or tortious conduct. Rather, Plaintiffs' contention that Costco violated HIPAA and committed tortious privacy violations all stem from Meta's alleged interception and is insufficient to trigger the crime-tort exception. *Doe*, 2024 WL 1589982, *10 (finding similar allegations "problematic" and declining to apply crime-tort exception). And their attempt to circumvent the independent conduct requirement by relying on district court decisions outside the Ninth Circuit (Resp. 15), is unpersuasive.

Plaintiffs also allege Costco "deployed Meta Pixel" to further its "core goal of increasing profitability." (¶¶ 57–58.) District courts in this Circuit, however, have found the crime-tort exception "inapplicable where the defendant's primary motivation was to make money[.]" *In re Meta Pixel Healthcare Litig.*, 647 F.Supp.3d 778, 797 (N.D. Cal. 2022) (collecting cases). Plaintiffs respond to this well-established rule by pointing to dicta from the Minnesota district court and an out-of-context quote in a criminal case challenging defendants' convictions for attempting to murder a witness. (Resp. 16.) Neither is persuasive, particularly given the clear articulation of crime-tort exception in this Circuit.

### B.    Plaintiffs' claim under the WPA fails.

#### 1.    Plaintiffs cannot allege Costco "intercepted" their communications.

Plaintiffs flip-fop on whether Meta or Costco intercepted their communications. *Compare, e.g.*, ¶ 77 ("Meta intercepts..."); *with id.* ¶ 164 ("Defendant intercepted..."). Both cannot be the perpetrators of the same interception. "An interceptor and the procurer/user of an interception are conceptually and legally distinct." *Mekhail v. North Memorial Health Care*, No. 23-CV-00440-KMM-TNL, 2024 WL 1332260, *3 (D. Minn. Mar. 28, 2024).

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 4

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

Costco is a party to the conversation and cannot "intercept" a message directed to it. (Mot. 17–18.) Plaintiffs' alternative argument that Meta (and, superficially, Google) acted as Costco's agent, also fails. Beyond a legal conclusion, Plaintiffs do not offer facts showing agency. *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 175 Wn.App. 840, 883 (2013) (alleging agency, alone, is insufficient to demonstrate existence of agency relationship "even when considering hypothetical facts"). If anything, Plaintiffs' allegations confirm no agency relationship exists. (¶¶ 64–67.)

> **2.    Costco is not an "individual" for purposes of the WPA and search terms are not protected communications.**

Plaintiffs seek to circumvent the plain language of the WPA in arguing Costco is "an association of individuals" and thus within scope of the Act. (Resp. 20.) Plaintiffs ignore the fact this District has rejected this argument. *Cousineau v. Microsoft Corp.*, 992 F.Supp.2d 1116, 1129 (W.D. Wash. 2012). The substance of the communication was immaterial to the *Cousineau* court's conclusion that Microsoft was not an individual under the Act, and neither should it be a factor here. *Id.*; RCW 9.73.030(1)(a).

In as much as Plaintiffs also argue their browsing and search activity on the public-portion of the website amounts to "the substance of communication" under the WPA, they are simply wrong. URLs and search terms "may not form the basis for liability under [WPA] as this data was not transmitted as part of a communication between individuals but instead directed to an automated system[.]" *In re Carrier IQ, Inc.*, 78 F.Supp.3d 1051, 1093 (N.D. Cal. 2015).

> **3.    Plaintiffs do not allege an injury under the WPA.**

Plaintiffs' purported injuries rest on alleged invasions of privacy. That is not enough to plead injury under the WPA. "[A]n invasion of privacy, without more, is insufficient to meet the statutory injury requirement of Section 9.73.060." *Jones v. Ford Motor Co.*, 85 F.4th 570, 575 (9th Cir. 2023). Plaintiffs cite no authority suggesting ad tracking constitutes an injury to one's person or that they have "more" here because they alleged a disclosure of health information to third parties, namely

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 5

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

Meta. (Resp. 22.) Of course, they have not actually alleged disclosure of health information because they do not allege the Pixel was present on Patient Profile Pages. (Mot. 13.) At most, Plaintiffs allege disclosure of search terms on the public-facing portion of the website. Nor do Plaintiffs oppose Costco's argument that Meta has not viewed the information. (*See infra* Section G.)

        **C.      Plaintiffs fail to state a claim under the WCPA.**

      Plaintiffs' arguments that (1) Costco's privacy disclosures did not extend to "sensitive health information" or Costco's Health Care Center Privacy Notice (Resp. 24) and (2) Costco caused Plaintiffs' injuries by disclosing their sensitive health information" (Resp. 26–27), fail because Plaintiffs do not (and cannot) allege facts showing the Pixel was present on Costco's Patient Profile Pages. Costco clearly disclosed the presence of certain ad trackers on the public-facing portions of its website, the only place Plaintiffs have plausibly alleged them to be present. Because of that express disclosure, Plaintiffs cannot plausibly plead an unfair practice under the WCPA and their claim should be dismissed. *See Gray v. Amazon.com, Inc.*, 653 F.Supp.3d 847, 858–59 (W.D. Wash. 2023) (dismissing WCPA claim for failure to allege an unfair or deceptive practice when defendant provided sufficient disclosures to consumers).

      Plaintiffs' WPCA claim is not saved by their reliance on the Federal Trade Commission's July 2023 bulletin. An FTC bulletin is not dispositive of the existence of an unfair or deceptive practice under the WCPA. *Young v. Toyota Motor Sales, U.S.A.*, 196 Wn.2d 310, 319–20 (2020) ("[a]lthough we have been guided by federal interpretations, Washington has developed its own jurisprudence regarding application of Washington's CPA.") (internal citation omitted). Regardless, Plaintiffs' allegations do not establish Costco is subject to or violated the FTC's guidance. The FTC bulletin states "hospitals and telehealth providers" "may run afoul of the FTC Act if they violate privacy promises or if the company fails to get consumers' affirmative express consent for the disclosure of sensitive health information."[4] Costco is not a hospital or telehealth provider; expressly disclosed to consumers that portions of its website use digital trackers (Mot. 12, 24); and did not

---

[4] https://www.ftc.gov/news-events/news/press-releases/2023/07/ftc-hhs-warn-hospital-systems-telehealth-providers-about-privacy-security-risks-online-tracking (last visited Apr. 18, 2024).

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 6

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

disclose Plaintiffs' health information. Thus, the mere existence of digital trackers on portions of Costco's public-facing website does not run afoul of the FTC's guidance.

Plaintiffs also fail to sufficiently allege a property-based injury satisfying the WCPA's requirement. While Plaintiffs' Complaint suggests there is a market for the information allegedly at issue, Plaintiffs have failed to show how they "personally lost money or property as a result of [Costco's] conduct." *Saeedy v. Microsoft Corp.*, No. 23-cv-1104, 2023 WL 8828852, *6 (W.D. Wash. Dec. 21, 2023). This is fatal to their property-based injury claim. *Id.*

> **D.      Plaintiffs' WUHCIA claim should be dismissed because Plaintiffs' fail to allege any identifiable "health care information" was intercepted.**

Plaintiffs' claim under the WUHCIA fails because Plaintiffs do not allege any identifiable "health information" was intercepted by Meta. Plaintiffs offer the conclusory argument that Costco allegedly disclosed "health information" "[b]y disclosing to Meta and Google that particular patients inquired about specific prescription drugs and navigated to the log-in page to refill prescriptions[.]" (Resp. 27.) That statement does not address the case law that has already explained, under the similar definition of "health information" and "individually identifiable health information" in HIPAA, 42 U.S.C. § 1320d(4) and (6), that searching and viewing "publicly available health information" available to the public at large "cannot, in and of itself, reveal details of an individual's health status or medical history[.]" *Smith I*, 262 F.Supp.3d at 954. Plaintiffs' argument that Meta intercepted search information and website traffic on public areas of Costco's website, prior to proceeding past "the log-in page to refill prescriptions," (Resp. 27), similarly could not have revealed any details of an individual's actual health status or medical history. Information that an individual navigated to a log-in page, not even that the individual actually logged in, does not reveal any identifiable health information about that person.

Further, Plaintiffs do not allege anywhere how any allegedly disclosed health information individually identified any plaintiff. Even if, the Pixel "transmits the user's web communications...along with a unique identifier" that "Meta can then use...to link the user's web

communications with the user's Facebook ID," (¶ 81), "[t]he fact that third parties may have assigned unique identifiers to individuals using the...website...(*i.e.*, so that they could be tracked) does not in and of itself mean that those individuals' actual identities could be divined." *Doe*, 2024 WL 1589982, *21. Because WUHCIA similarly defines "health care information" as that which "identifies or can readily be associated with the identity of a patient," RCW 70.02.010(17), Plaintiffs' WUHCIA claim should be dismissed because it fails to allege that Plaintiffs' actual identities were disclosed.

### E.    Plaintiffs' CMIA claim fails.

Washington law applies and moots Plaintiffs' CMIA claim. *Infra* at II.I. Regardless, Plaintiffs fail to allege sufficient facts to support their CMIA claim.

Plaintiffs' argument that their communications "with the Costco Pharmacy meet the definition of 'medical information' under the CMIA" (Resp. 27–28) fails, because they have not alleged the Pixel was present on Patient Profile Pages. (Mot. 13.) At most, Plaintiffs have alleged the Pixel was present pre-login, on the public-facing portion of the website, where any person can run general health-related searches. (*E.g.* ¶¶ 91–100). Plaintiffs' situation is thus inapposite to the cases cited in their Response. *See B.K. v. Desert Care Network*, No. 2:23-cv-05021-SPG-PD, 2024 WL 1343305, *5 (C.D. Cal. Feb. 1, 2024). In *Desert Care* for instance, the plaintiffs alleged the Pixel was inside the patient portal and thus shared the scheduling of medical appointments, test result, and providers' appointment notes, with Meta. *Id.* at *5.  That simply is not alleged here.

In as much as Plaintiffs vaguely claim Meta served them with targeted ads based on their medical information (Resp. 28), Plaintiffs fail to allege what, if any, medical information or medical records were transmitted or disclosed. Notably, Plaintiffs' Complaint is over 70 pages long but includes just a single paragraph per plaintiff with vague allegations about their experiences with Costco. (¶¶ 15-25). Like *Eisenhower*, here "[t]he Complaint is replete with conjectures and hypothetical scenarios and patients. Plaintiffs fail to allege any specificity as to what medical information was allegedly disclosed or when it was disclosed." *B.K. v. Eisenhower Med. Ctr.*, No.

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 8

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1  EDCV 23-2092-JGB-(KKx), 2024 WL 878100, *4 (Feb. 29, 2024) (dismissing CMIA claim based

2  on alleged disclosures from hospital website to Meta).

3         Finally, Plaintiffs do not respond to Costco's argument that they have not alleged Meta

4  "actually viewed" their medical information, as they must to state a claim under the CMIA. (Mot.

5  28). Plaintiffs have thus waived these arguments. *Stichting Pensioenfonds ABP v. Country Fin'l*

6  *Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) (explaining "[i]n most circumstances, failure to

7  respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or

8  abandonment in regard to the uncontested issue").

9         Regardless, Plaintiffs' assertions that Meta actually viewed their medical information are

10  conclusory. (*E.g.*, ¶ 233 ("Facebook views, processes, and analyzes the confidential medical

11  information it receives via the Meta Pixel. It then uses the viewed confidential information" for

12  advertising). Plaintiffs simply have not alleged facts to infer their medical information was viewed

13  by an unauthorized party like Meta. *Cousin v. Sharp Healthcare*, No. 22-cv-2040-MMA (DDL), 2023

14  WL 4484441, *8 (S.D. Cal. July 12, 2023); *Eisenhower Med. Ctr.*, 2024 WL 878100, *4 (dismissing

15  CMIA claim where sole allegation was, as a result of the Pixel, Meta intercepted and used information

16  regarding plaintiffs medical "appointments, treatments, medications and clinical information").

17       **F.**    **Plaintiffs invasion of privacy claim fails.**

18         Plaintiffs do not respond to Costco's argument that they cannot bring an invasion of privacy

19  claim under the Washington Constitution. (Mot. 28–29.) Plaintiffs have thus waived this argument.

20  *Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132.

21         Regardless, Plaintiffs cannot allege an intrusion because they concede Costco was the

22  intended recipient of their information. (Mot. 29.) And, much like Plaintiffs' various wiretapping

23  claims, Costco "cannot plausibly be considered to have intruded on, intercepted, or 'bugged' private

24  communications that it was always the intended recipient of." *Kurowski v. Rush Sys. For Health*, No.

25  22-cv-05380, 2023 WL 4707184, *8 (N.D. Ill. July 24, 2023). Plaintiffs do not address *Kurowski*.

26  And while the plaintiffs in *In re Grp. Health Plan Litig.*, No. 23-cv-267-(JWB/DJF), 2023 WL

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 9

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

8850243 (D. Minn. Dec. 21, 2023), alleged defendant healthcare providers had installed Pixel on their websites (Resp. 28), Plaintiffs here ignore that they have not alleged the Pixel was present on Patient Profile Pages. (Mot. 13.) At most, they allege the Pixel was present on public-facing portions of the website where general health-related searches could be conducted. Courts "have been unwilling to find a cognizable privacy in [such] browsing data" especially when it occurs on a defendant's own website. *Mikulsky v. Bloomingdale's, LLC*, No. 3:23-cv-00425-L-VET, 2024 WL 337180, *8 (S.D. Cal. Jan. 25, 2024).

### G.    Plaintiffs' breach of implied contract claim fails.

Plaintiffs fail to establish mutual assent or that any damages arose from Costco's supposed breach.

Plaintiffs argue mutual assent based on the "numerous assertions" on the website that Costco "would not disclose Plaintiffs' Sensitive Information without their consent." (Resp. 29.) Plaintiffs seemingly try to distinguish between different statements mandated under HIPAA to suggest a different, independent assurance exists sufficient to give rise to an implied contract, citing to *Attias v. CareFirst, Inc.*, No. 15-CV-00882-CRC, 2023 WL 5952052, *5 (D.D.C. Sept. 13, 2023). In *Attias*, however, the plaintiff pointed to specific provisions in the defendant's privacy statements that could, at least for purposes of the pleadings, be construed as creating a duty to prevent malicious third-party hackers from gaining access to customers' personal information. *Id.* at *4–5. That is not the case here. (Mot. 30.) Indeed, Plaintiffs concede these "other" statements on the website merely "reaffirm[ed]" Costco's commitment to protect data consistent with HIPAA. (Resp. 30.) Thus, there is no bargained for contract. *See Griffey v. Magellan Health Inc.*, 562 F.Supp.3d 34, 52–53 (D. Ariz. 2021) (explaining there is "no consideration" where the party's "only promise was to do something which it was already legally obligated to do").

Plaintiffs also argue there was "independent consideration beyond the money paid for prescriptions. In addition to cash, Plaintiffs provided Costco with valuable website browsing information that is not part of in-person or mail pharmacy services." (Resp. 29.) But this allegation

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 10

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

1  is not supported by the Complaint. No plaintiff "allege[d] that they exchanged private information,

2  as opposed to payment, for medical services." *Desert Care*, 2024 WL 1343305, *9 (dismissing

3  implied contract claim in Meta Pixel case).

4          Finally, Plaintiffs argue they would not have used Costco's services, or paid less for them,

5  had they known the Meta Pixel was present. (Resp. 30; ¶ 274). A basic principle of contract law is

6  that the "purpose of contract damages is to put a plaintiff in the same economic position he or she

7  would have occupied had the contract been fully performed." *Low v. LinkedIn Corp*., 900 F.Supp.2d

8  1010, 1029 (N.D. Cal. July 12, 2012); *see Bondy v. Kuchan*, 19 Wn. App. 2d 1061, *4 (2021)

9  (unpublished) (explaining the "purpose of breach of contract damages is to place the injured party in

10 the same position as if the breaching party had properly performed the contract"). Plaintiffs have not

11 persuasively alleged they "'reasonably expect[ed] that they would be compensated for the 'value' of

12 their personal information.'" *Low*, 900 F.Supp.2d at 1029  (quoting *In re Jetblue Airways Corp. Priv.

13 Litig.*, 379 F.Supp.2d 229, 327 (E.D.N.Y. 2005)). Nor, as users of Costco's website, have Plaintiffs

14 alleged  "they, or any other Users, have been foreclosed from opportunities to capitalize on the value

15 of their personal information." *Eisenhower Med. Ctr.*, 2024 WL 878100, *7 (dismissing implied

16 contract claim in Meta Pixel case).

17         **H.    Plaintiffs' conversion claim fails.**

18         Plaintiffs' conversion claim fails (i) to establish that their information qualified as "chattel"

19 subject to conversion, or (ii) allege Costco deprived Plaintiffs' "of possession" of their website

20 activity. (Mot. 31.) Plaintiffs do not (and cannot) address Costco's chattel argument or the fact that

21 courts applying Washington law have rejected conversion claims based on a person's online activity.

22 *E.g. Vyas v. Wallach*, No. 06-cv-01193-RSM, 2006 WL 8454883, *3 (W.D. Wash. Nov. 30, 2006).

23 Similarly, Plaintiffs' attempt to circumvent the "possession" element of conversion is unfounded.

24 (Resp. 30–31.) In *Calhoun v. Google LLC*, 526 F.Supp.3d 605, 636 (N.D. Cal. 2021), the court failed

25 to dismiss Plaintiffs' statutory larceny claim citing California decisions holding copying qualifies as

26 theft and deprives the owners of their property. However, courts in this District have held that copying

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 11

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

information does not deprive owners of possession. *See Calence, LLC v. Dimension Data Holdings*, No. 06-cv-00262-RSM, 2007 WL 1526349, *7 (W.D. Wash. May 23, 2007).

**I.      Plaintiffs' unjust enrichment claim fails.**

Costco did not receive a benefit at Plaintiffs' expense. (Mot. 32). Plaintiffs attempt to establish their harm by pointing to general allegations that a market for health information and web browsing data exists. (Resp. 32, ¶¶ 107-20). This may establish that the alleged data at issue has monetary value; however, it does not establish how each of the named Plaintiffs "personally lost money or property as a result of [the defendant's] conduct." *Saeedy*, 2023 WL 8828852, *6; *see also Cousineau*, 992 F.Supp.2d at 1130 (denying plaintiff's unjust enrichment claim because she focused "unduly on the benefit to [the defendant] despite the fact that she must...also [allege] that *she herself was deprived* in terms of payment, property, services, or some equivalent form of an expense) (emphasis in original). The defect in Plaintiffs' allegations is not cured by their Response. First, the two Minnesota district court cases cited by Plaintiffs (Resp. 32n.11) are inapposite because the analysis in both cases focused on the plaintiffs' claims regarding the defendants' privacy policies, claims not alleged here. Similarly, Plaintiffs' reliance on *Kane* is unhelpful, because it allowed the plaintiffs' unjust enrichment claim to squeak by on the premise that the plaintiffs alleged they would not have paid for the defendant's services had they known about defendant's disclosure. 2024 WL 1178340, *15. *Kane* and Plaintiffs' "benefit of the bargain" argument is unpersuasive in this case for the reasons outlined in II.G.

**J.      A choice-of-law analysis regarding Plaintiffs' California and Florida statutory claims is appropriate at the motion to dismiss stage and those claims should be dismissed because Washington law applies.**

The law applicable to Plaintiffs' California and Florida statutory claims can be resolved at the motion-to-dismiss stage because there are no additional facts needed to conduct a choice-of-law analysis. *Garner v. Amazon.com, Inc.*, 603 F.Supp.3d 985, 994 (W.D. Wash. 2022) (conducting a choice-of-law analysis where plaintiffs did not "identif[y] any facts that need[ed] to be discovered or

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 12

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

[further]…developed." (cleaned up). [5]   Here, rather than identifying necessary, additional, facts Plaintiffs only vaguely argue that a "fact-intensive inquiry" is required to decide which state's wiretap laws apply. (Resp. at 12.) That is insufficient. *Id.* Plaintiffs' argument that a choice-of-law analysis on the statutory claims should be delayed also fails for the second reason that, even assuming there is a conflict of law between Washington, California, and Florida's wiretapping laws (which Plaintiffs do not discuss in any detail), Washington is alleged to have the most significant relationship to Plaintiffs' statutory claims. (Mot.  16–17.)

Further, when considering the policy interests of other states under the second step of the most-significant relationship test, Washington's wiretapping statute is "considered one of the most restrictive in the nation," and is similar to other states' wiretapping laws "such that the legislative interests of other states can be protected under Washington law[.]" *Garner* 603 F.Supp.3d at 996; *see also Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580 (1976) (explaining second step of most-significant relationship test considers "interests and public policies of potentially concerned states").

Thus, this Court should find that Washington law applies to preclude Plaintiffs' statutory claims under California's CIPA and CMIA statutes (Counts V, VI) and Florida's FSCA (Count VII) and dismiss those claims.

///

///

///

///

///

///

---

[5] Plaintiffs also erroneously argue that the court in *Garner* only undertook a choice-of-law analysis where "there was no apparent 'dispute about which law applie[d].'" (Resp. 11 (quoting *Garner*, 603 F.Supp.3d at 995).) The court noted  parties appeared to "'preliminarily agree'…Washington law governs the wiretap claims of registered users," but still conducted a complete choice-of-law analysis at the motion-to-dismiss stage assuming that "there [was] a dispute as to the appropriate choice of law with regards to that claim, and that an actual conflict exists." *Garner*, 603 F.Supp.3d at 995.

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 13

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

1

**III.    CONCLUSION**

2

  For the reasons discussed above, Costco respectfully requests the Court dismiss Plaintiffs'

3

claims with prejudice as a matter of law.

4

  DATED this 19th day of April, 2024

5

          Respectfully submitted,

6

7

      By: *s/ Kristin M. Asai*

8

      HOLLAND & KNIGHT LLP

9

      Kristin M. Asai, WSBA #49511
      Kristin.Asai@hklaw.com

10

      601 SW Second Avenue, Suite 1800
      Portland, OR 97204

11

      Telephone: 503.243.2300

12

      *s/ Ashley L. Shively*

13

      HOLLAND & KNIGHT LLP
      Ashley L. Shively, *admitted pro hac vice*

14

      Ashley.Shively@hklaw.com

15

      560 Mission Street, Suite 1900
      San Francisco, CA 94105

16

      Telephone: 415.743.6900

17

      *s/ Rebecca G. Durham*

18

      HOLLAND & KNIGHT LLP
      Rebecca G. Durham, *admitted pro hac vice*

19

      Rebecca.Durham@hklaw.com

20

      560 Mission Street, Suite 1900
      San Francisco, CA 94105

21

      Telephone: 415.743.6900

22

      *Attorneys for Defendant*

23

      *Costco Wholesale Corporation*

24

25

I certify that this memorandum contains 4,196 words, in compliance with the Local Civil Rules.

26

    */s/ Kristin M. Asai*

DEFENDANT COSTCO WHOLESALE CORPORATION'S REPLY
ISO OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-01548-JHC - PAGE 14