UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESUS CASTILLO, MARK KNOWLES, ALEX RODRIGUEZ, NICHOLAS JAMES THROLSON, R.S., KIMBERLY SCOTT, ROBIN WARBEY, DANIEL SMITH, MATT GROVES, VERN DEOCHOA, TYRONE WASHINGTON, individually, and on behalf of those similarly situated,

Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION, a Washington corporation,

Defendant.

NO. 2:23-cv-01548-JHC

**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY META PLATFORMS, INC.**

This agreement is entered into between and among nonparty Meta Platforms, Inc. ("Meta"), Defendant Costco Wholesale Corporation, and Mark Knowles, Alex Rodriguez, Nicholas James Throlson, Robin Warbey, Daniel Smith, Matt Groves, Vern Deochoa, and Tyrone Washington ("Plaintiffs"), the named plaintiffs in *Castillo v. Costco Wholesale Corporation*, Case No. 2:23-cv-01548-JHC (the "Action"). Plaintiffs, Defendants and Meta anticipate that Meta may produce documents in this action that contain sensitive consumer and business information that are relevant to the claims and issues in this case that requires additional protections beyond those outlined in the protective order entered by the court on April 30, 2024

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
REGARDING THE USE AND DISCLOSURE OF DISCOVERY
PRODUCED BY NONPARTY META PLATFORMS, INC.- 1
Case No: 2:23-cv-01548-JHC

(Dkt. # 54) ("Protective Order"). This agreement is intended to supplement the protective order entered on April 30, 2024, and all terms of such order remain in full effect and apply to any documents and information produced by Non-Party Meta.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Rider to Protective Order Regarding the Use and Disclosure of Discovery Produced by Nonparty Meta Platforms, Inc. ("Rider").

1.  DESIGNATION AND DISCLOSURE OF HIGHLY CONFIDENTIAL MATERIAL

1.1    "Highly Confidential" material means confidential material that Meta identifies and designates as "Highly Confidential – Attorneys' Eyes Only." Only information meeting the following criteria may be designated as "Highly Confidential – Attorneys' Eyes Only" (unless the parties expressly agree otherwise): Information (regardless of how generated, stored, or maintained) that if disclosed to another party or non-party would create a substantial risk of harm that could not be avoided by less restrictive means, including but not limited to: proprietary design and development materials for products and/or services, sensitive products and/or services, and strategic decision-making information.

1.2    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by Meta, a receiving party may disclose any Highly Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts and consultants (1) to whom disclosure is reasonably necessary for this litigation; and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); as to whom the procedures set forth in paragraphs 4.2(a)-(c), below, have been followed.

(c) the court, court personnel, and court reporters and their staff;

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
REGARDING THE USE AND DISCLOSURE OF DISCOVERY
PRODUCED BY NONPARTY META PLATFORMS, INC.- 2
Case No: 2:23-cv-01548-JHC

(d) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this order;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(f) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

1.3     Unless otherwise ordered by the Court or agreed to in writing by the designating party, a party that seeks to disclose to an expert any Highly Confidential material designated by Meta, must first make a written request to the designating party that (1) identifies the general categories of "Highly Confidential – Attorneys' Eyes Only" material that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert, (3) attaches a copy of the expert's current resume, and (4) identifies the expert's current employer(s). Based on this information Meta shall confirm within fourteen (14) calendar days whether (1) it is familiar with the proposed expert and does or does not consent to the disclosure of the Highly Confidential material or (2) state that Meta requires additional information to assess the proposed expert, which may include: (a) identity of each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (b) identity of (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (c) identity of any patents

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
REGARDING THE USE AND DISCLOSURE OF DISCOVERY
PRODUCED BY NONPARTY META PLATFORMS, INC.- 3
Case No: 2:23-cv-01548-JHC

or patent applications in which the expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest that relate to the subject of Meta's Highly Confidential material.  With regard to the information sought through part (b) of such an expert disclosure, if the expert believes any of the information to be disclosed is subject to a confidentiality obligation to a third-party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert must be available to meet and confer with the Meta's counsel regarding any such engagement. Nothing in this section should be construed as giving Meta any ability to control the selection or opinions of any experts retained by the parties.

(a)      A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Highly Confidential material to the identified expert unless, within fourteen (14) calendar days of delivering the request, the party receives a written objection from Meta. Any such objection by Meta must set forth in detail the grounds on which it is based.

(b)      A party that receives a timely written objection from Meta must meet and confer with Meta's counsel (through direct voice to voice dialogue) to try to resolve the matter by agreement within ten (10) calendar days of the written objection. If no agreement is reached, the party seeking to make the disclosure to the expert may file a motion in accordance with the Court's procedures for disputes relating to discovery matters and protective orders. If the time for filing such discovery motions has passed, the party seeking to make the disclosure must seek leave from the Court to file such motion.

1.4      In any such proceeding in which Meta opposes disclosure to a party's expert, Meta bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the Highly Confidential material to its expert.

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
REGARDING THE USE AND DISCLOSURE OF DISCOVERY
PRODUCED BY NONPARTY META PLATFORMS, INC.- 4
Case No: 2:23-cv-01548-JHC

1.5     Filing Highly Confidential Material.  The filing of Highly Confidential Material shall be subject to the same provisions and procedures set forth in Section 4.3 of the Protective Order entered on April 30, 2024.

1.6     Section 5 through Section 10 of the Stipulated Protective Order dated April 30, 2024 (Dkt. 54) shall apply to all Highly Confidential documents produced by Meta.

IT IS SO STIPULATED.

Dated:  June 23, 2026                    **TOUSLEY BRAIN STEPHENS PLLC**

By:  */s/Kim D. Stephens, P.S.*
Kim D. Stephens, P.S., WSBA #11984
By:  */s/Rebecca L. Solomon*
Rebecca L. Solomon, WSBA #51520
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kstephens@tousley.com
rsolomon@tousley.com

**ZIMMERMAN REED LLP**

By:  */s/Ryan J. Ellersick*
Hart L. Robinovitch (*admitted pro hac vice*)
Ryan J. Ellersick, WSBA # 43346
14648 North Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Telephone: (480) 348-6400
hart.robinovitch@zimmreed.com
ryan.ellersick@zimmreed.com

*Interim Co-Lead Counsel*

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
REGARDING THE USE AND DISCLOSURE OF DISCOVERY
PRODUCED BY NONPARTY META PLATFORMS, INC.- 5
Case No: 2:23-cv-01548-JHC

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Gary M. Klinger (*admitted pro hac vice*)
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Alexandra M. Honeycutt
(*admitted pro hac vice*)
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (866) 252-0878
ahoneycutt@milberg.com
**BARRACK RODOS & BACINE**
Stephen R. Basser (*admitted pro hac vice*)
sbasser@barrack.com
Samuel M. Ward (*admitted pro hac vice*)
sward@barrack.com
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800

**LEVI & KORSINSKY, LLP**
Mark S. Reich*
Courtney Maccarone*
mreich@zlk.com
cmaccarone@zlk.com
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: 212-363-7500
Fax: 212-363-7171
Plaintiff's Steering Committee

*Attorneys for Plaintiffs and the Putative Class*

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
REGARDING THE USE AND DISCLOSURE OF DISCOVERY
PRODUCED BY NONPARTY META PLATFORMS, INC.- 6
Case No: 2:23-cv-01548-JHC

Dated: June 23, 2026

By: */s/Kristin M. Asai*
Kristin M. Asai, WSBA #49511
Kristin.Asai@hklaw.com
601 SW Second Avenue, Suite 1800 Portland, OR 97204
Telephone: 503.243.2300

Ashley L. Shively
Rebecca G. Durham
Ashley.Shively@hklaw.com
Rebecca.Durham@hklaw.com
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: 415.743.6900

*Counsel for Defendant Costco Wholesale Corporation*

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
REGARDING THE USE AND DISCLOSURE OF DISCOVERY
PRODUCED BY NONPARTY META PLATFORMS, INC.- 7
Case No: 2:23-cv-01548-JHC

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: June 24, 2026.

_John H. Chun_
John H. Chun
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I , _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Regarding the Use and Disclosure of Discovery Produced by Nonparty Meta _____ that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Castillo et al. v. Costco Wholesale Corp.*, No. 2:23-cv-01548-JHC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
REGARDING THE USE AND DISCLOSURE OF DISCOVERY
PRODUCED BY NONPARTY META PLATFORMS, INC.- 9
Case No: 2:23-cv-01548-JHC